UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| |
|---|
| ROBERT MILLER, |
|                             Plaintiff, |
|     - against - |
| BAHAKEL COMMUNICATIONS, LTD. |
|                             Defendant. |

Docket No. 1:20-cv-791

JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Robert Miller ("Miller" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Bahakel Communications, Ltd. ("Bahakel Communications" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of copyrighted photographs of comedian Tracy Morgan's Bugatti car accident, owned and registered by Miller, a professional photographer. Accordingly, Miller seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.  Upon information and belief, this Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in Colorado.

4.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.  Miller is a professional photographer in the business of licensing his photographs to online and print media for a fee having a usual place of business at 301 West 118th Street, Unit 5K, New York, New York 10026.

6.  Upon information and belief, Bahakel Communications is a limited company with a place of business at 1805 E. Cheyenne Road, Colorado Springs, Colorado 80905. At all times material hereto, Bahakel Communications has owned and operated a website at the URL: www.WCCBCharlotte.com (the "Website").

## STATEMENT OF FACTS

**A.  Background and Plaintiff's Ownership of the Photographs**

7.  Miller photographed comedian Tracy Morgan's Bugatti car accident (the "Photographs"). A true and correct copy of the Photographs is attached hereto as Exhibit A.

8.  Miller then licensed the Photograph to the New York Post/Page Six. On June 4, 2019, the New York Post/Page Six ran an article that featured the Photograph titled *Tracy Morgan involved in a car crash in his new $2 million Bugatti.* See URL: https://pagesix.com/2019/06/04/tracy-morgan-hit-in-his-new-2-million-bugatti-in-nyc-crash/. Miller's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

9.  Miller is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs were registered with United States Copyright Office and were given Copyright Registration Number VA 2-159-827.

**B. Defendant's Infringing Activities**

11. Bahakel Communications ran an article on the Website entitled *Edge On The Clock: Driver hits Tracy Morgan's $2 Million Bugatti*. See: https://www.wccbcharlotte.com/2019/06/04/edge-on-the-clock-driver-hits-tracy-morgans-2-million-bugatti/. The article featured the Photographs from Bahakel's TV Broadcast. Screenshots of the Photographs on the Website are attached hereto as Exhibit C.

12. Bahakel Communications did not license the Photographs from Plaintiff for its article or TV Broadcast, nor did Bahakel Communications have Plaintiff's permission or consent to publish the Photographs on its Website or TV Broadcast.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANT)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Bahakel Communications infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs on the Website and TV Broadcast. Bahakel Communications is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Bahakel Communications have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photographs, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANT
## (17 U.S.C. § 1202)

20. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-19 above.

21. Upon information and belief, in its article on the Website, Defendant copied the Photograph from the New York Post which contained a gutter credit underneath the Photograph stating, "Robert Miller" and placed it on its Website without the gutter credit.

22. Upon information and belief, Bahakel Communications intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

23. The conduct of Bahakel Communications violates 17 U.S.C. § 1202(b).

24. Upon information and belief, Bahakel Communications's falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

25. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Bahakel Communications intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph. Bahakel Communications also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyright in the Photograph.

26. As a result of the wrongful conduct of Bahakel Communications as alleged herein, Plaintiff is entitled to recover from Bahakel Communications the damages, that he sustained and will sustain, and any gains, profits and advantages obtained by Bahakel Communications because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

27. Alternatively, Plaintiff may elect to recover from Bahakel Communications statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Bahakel Communications be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Bahakel Communications be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
March 23, 2020

    LIEBOWITZ LAW FIRM, PLLC

    By: /s/Richard Liebowitz
       Richard P. Liebowitz
    11 Sunrise Plaza, Suite 305
    Valley Stream, NY 11580
    Tel: (516) 233-1660

RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff Robert Miller*