**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Civil Action No. 1:20-cv-791-WJM**

| | |
|---|---|
| ROBERT MILLER,<br><br>      Plaintiff,<br><br>v.<br><br>BAHAKEL COMMUNICATIONS, LTD.,<br><br>      Defendant. | **DEFENDANT BAHAKEL COMMUNICATIONS, LTD.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) & (3) OR, IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a), AND SUPPORTING BRIEF** |

Defendant Bahakel Communications, Ltd. ("Bahakel"), through counsel and pursuant to Federal Rules of Civil Procedure 12(b)(2) & (3) and 28 U.S.C. §§ 1404 & 1406, as well as D.C.COLO.LCivR 7.1(b). 7.1(e), and 10.1, and WJM Revised Practice Standards III.A.2, III.C.1, and III.D.1, moves the Court for an order dismissing Plaintiff Robert Miller's ("Plaintiff's") Complaint or, in the alternative, transferring this action to the Western District of North Carolina, Charlotte Division.

Defendant Bahakel is a company organized under the laws of North Carolina and headquartered in Charlotte, North Carolina. Plaintiff's suit focuses exclusively on Bahakel's use of a photograph in a television broadcast and on the website of WCCB-TV, also located and licensed by the FCC to operate exclusively in Charlotte, North Carolina. Plaintiff's Complaint artfully refrains from mentioning the state of North Carolina and only mentions the city of Charlotte by happenstance, given that the city is a component of

WCCB-TV's website address: www.WCCBCharlotte.com. However, Plaintiff's artful pleading cannot save his Complaint from dismissal—the Court lacks personal jurisdiction over this North Carolina Defendant and, for the same reason, this judicial district is an improper venue in which to adjudicate Plaintiff's claims based on events alleged to have occurred exclusively in North Carolina. The Court should dismiss Plaintiff's Complaint or, in the alternative, transfer this case to the proper venue of the Western District of North Carolina, Charlotte Division.

Pursuant to WJM Revised Practice Standard III.D.1, prior to filing this motion Bahakel twice conferred with Plaintiff and explained the fatal defects in personal jurisdiction and venue. Bahakel twice offered to waive service if Plaintiff refiled the case in North Carolina. Plaintiff never substantively responded, thus necessitating this motion.

## FACTS ACCORDING TO PLAINTIFF'S COMPLAINT

Plaintiff Robert Miller is a photographer who resides in New York City. Compl. ¶ 5, ECF No. 1. In or around June 2019, Plaintiff took several photos of a car accident involving comedian Tracy Morgan and his Bugatti. *Id.* ¶ 7. Plaintiff licensed those photos to the New York Post/Page Six, which included the photos in a June 4, 2019 article covering the accident. *Id.* ¶ 8. That same day, WCCB-TV broadcast the photos on its television station in Charlotte, North Carolina, and then placed that broadcast on its website, www.WCCBCharlotte.com. *See id.* ¶ 11.

Plaintiff alleges that Bahakel's use of the photos violates his copyright interest in the photos. *Id.* ¶¶ 1, 13–27. Plaintiff asserts that this Court has personal jurisdiction over Bahakel because Bahakel resides "and/or" transacts business in Colorado. *Id.* ¶ 3. Plaintiff asserts that venue in this district is proper under 28 U.S.C. § 1391(b), without specifying which subsection he believes applies. *Id.* ¶ 4. As to personal jurisdiction and venue, Plaintiff's lone factual support is that, "[u]pon information and belief, Bahakel . . . is a limited company with a place of business at 1805 E. Cheyenne Road, Colorado Springs, Colorado 80905." *Id.* ¶ 6. This final allegation alludes to the principal place of business for one of Bahakel's subsidiaries, Colorado Springs Radio Broadcasters, Inc. ("CSRB"), which owns and operates Colorado radio stations KRXP-FM and KILO-FM. *See* Colorado Springs Radio Broadcasters, Inc., *2019 Periodic Report* (filed Oct. 24, 2019) [hereinafter "CSRB 2019 Periodic Report"], https://www.sos.state.co.us/biz/ViewImage.do?masterFileId=19871588456&fileId=20191851094; KILO, FCC Public Information File (last visited May 8, 2020), https://publicfiles.fcc.gov/fm-profile/kilo; KRXP, FCC Public Information File (last visited May 8, 2020), https://publicfiles.fcc.gov/fm-profile/krxp.[1]

---

[1] The Court may take judicial notice of corporate filings and government records. *See Binford v. United States*, 436 F.3d 1252, 1256 n.7 (10th Cir. 2006) ("[T]he court is permitted to take judicial notice of . . . facts which are a matter of public record." (first alteration in original)). Additionally, "motions filed under . . . 12(b)(2) are not converted to motions for summary judgment when matters outside the pleadings are considered by the court." *E.g.*, *Echtinaw v. Lappin*, No. CIV.A. 08-3011-KHV, 2009 WL 604131, at *5 (D. Kan. Mar. 9, 2009); *see also Tal v. Hogan*, 453 F.3d 1244, 1265 (10th Cir. 2006). And neither are motions filed under Federal Rule of Civil Procedure 12(b)(3). *See Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996) ("Analysis under Rule 12(b)(3) . . . permits the district court to consider facts outside of the pleadings.").

## PROCEDURAL HISTORY

Plaintiff filed his Complaint on March 23, 2020, and served Bahakel's agent on March 25, 2020. *See* Compl., ECF No. 1. On April 13, 2020, Bahakel moved for and Magistrate Judge Tafoya granted an extension of time for Bahakel to answer or otherwise respond to Plaintiff's Complaint, extending the response deadline to May 15, 2020. *See* Minute Entry, ECF No. 9. On May 4, 2020, this case was reassigned to the Honorable William J. Martínez. *See* Minute Entry, ECF No. 13.

## ARGUMENT

Bahakel is organized under the laws of North Carolina and located in Charlotte, North Carolina. The events underlying this dispute all occurred in Charlotte, North Carolina. And the television station which Plaintiff alleges to have violated his copyright is a separate corporate entity located and licensed by the FCC to broadcast exclusively in Charlotte, North Carolina. Accordingly, this Court lacks personal jurisdiction over Bahakel, and the District of Colorado is an improper venue for this dispute, requiring dismissal of Plaintiff's Complaint under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3).

In the alternative, this case should be transferred to the Western District of North Carolina, Charlotte Division, pursuant to 28 U.S.C. § 1404(a), because no party resides in Colorado and all witnesses and evidence are located in or in close proximity to Charlotte, North Carolina.

## I. Bahakel has insufficient minimum contacts to be subject to general or specific personal jurisdiction in Colorado.

"[P]laintiffs bear the burden of establishing personal jurisdiction." *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1069 (10th Cir. 2008). A defendant may be subject to personal jurisdiction either through general or specific jurisdiction. *See id.* at 1070–71; *Good v. Fuji Fire & Marine, Ins. Co.*, 271 F. App'x 756, 759 (10th Cir. 2008). Under either form of jurisdiction, analysis "collapses into a single inquiry as to whether the exercise of personal jurisdiction over Defendant comports with due process." *SGI Air Holdings II LLC. v. Novartis Int'l, AG*, 192 F. Supp. 2d 1195, 1197 (D. Colo. 2002).

### A. Bahakel is not subject to general personal jurisdiction in Colorado because its only contact with the state is through an independent subsidiary.

For general jurisdiction to exist over a defendant corporation its contacts with the state in which the court is located must be "so 'continuous and systematic' as to render them essentially at home in the forum State." *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1558 (2017) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 135 (2014)); *accord Soma Med. Int'l v. Standard Chartered Bank*, 196 F.3d 1292, 1295 (10th Cir. 1999).

In multiple decisions over the past six years, the Supreme Court has made clear that when the forum state is not "the corporation's place of incorporation [or] its principal place of business" general jurisdiction is available only in an "exceptional" case. *BNSF Ry. Co.*, 137 S. Ct. at 1558 (quoting *Daimler*, 571 U.S. at 139 n.19). As a result, the activity of a corporate defendant's subsidiaries generally may not be used to establish jurisdiction over

- 5 -

the defendant parent corporation. *See, e.g.*, *Quarles v. Fuqua Indus., Inc.*, 504 F.2d 1358, 1362–64 (10th Cir. 1974); *see also BNSF Ry. Co.*, 137 S.Ct. at 1559 ("[A] corporation that operates in many places can scarcely be deemed at home in all of them."). This is because "a holding or parent company has a separate corporate existence and is treated separately from the subsidiary in the absence of circumstances justifying disregard of the corporate entity"—namely, an alter-ego relationship. *See Quarles*, 504 F.2d at 1362–64 (requiring showing that "injustice would occur to third parties if the separate entity were recognized").

Bahakel Communications, Ltd. is organized under the laws of North Carolina and has its principal place of business in Charlotte, North Carolina. *See* Bahakel Communications, Ltd., *Annual Report Submissions*, https://www.sosnc.gov/online_services/business_registration/annual_report/5054767; *see also* Ex. A to this Motion, Decl. of Jayne Borman ("Borman Decl.") ¶¶ 3–4. Bahakel's relevant subsidiary, CSRB, is incorporated under the laws of Colorado with a principal place of business in Colorado Springs, Colorado. *See supra* CSRB 2019 Periodic Report; Borman Decl. ¶¶ 14–15. And where, as here, the Defendant parent company is separately incorporated from its subsidiary and the Plaintiff "has not pleaded or shown any facts that would justify disregard of [the Defendant's] separate corporate existence," a court cannot exercise personal jurisdiction over the Defendant parent company. *See Good*, 271 F. App'x at 759.

Further, CSRB operates KILO-FM and KRXP-FM pursuant to its own independent direction and control. CSRB employs a general manager that exclusively oversees the

- 6 -

operation of KILO-FM and KRXP-FM. *See* Borman Decl. ¶ 17. Each station controls its own advertising traffic and programming. *Id.* ¶ 18. And the stations have their own dedicated sales staff. *Id.* ¶¶ 17–18. Indeed, independent direction and control are necessary given that CSRB's two Colorado stations are licensed by the FCC to provide *radio* service, thus requiring entirely different technical operations, programming, and advertising sales, than those needed for the *television* station at issue in this dispute. *See id.* ¶ 19.

Although parent corporations often have the "opportunity to control [a subsidiary], the exercise of, not the opportunity to exercise, control is determinative." *Quarles*, 504 F.2d at 1364. Here, Plaintiff has not pled—nor could he—anything akin "to a domination of the day to day business decisions of [CSRB] and a disregard for the corporate entity of [CSRB.]" *See id.* Accordingly, CSRB's contacts cannot be imputed to Bahakel, and Bahakel is not subject to general personal jurisdiction in this forum.

> *B. Bahakel is not subject to specific personal jurisdiction in Colorado because no aspect of the events underlying the dispute occurred in Colorado.*

For specific jurisdiction to attach, a plaintiff's claim must "result[] from alleged injuries that arise out of or relate to th[e] [defendant's] activities" in the forum state. *E.g.*, *Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1532–34 (10th Cir. 1996) (defining specific jurisdiction as "based on a matter occurring in the forum state"); *SGI*, 192 F. Supp. 2d at 1197. In the present case, the only harm alleged in Plaintiff's Complaint comes from visual material contained in a broadcast and website post by WCCB-TV—a television station located in Charlotte, North Carolina, and licensed to a legal entity distinct

from the entity which owns and operates Colorado-based *radio* (i.e., audio-only) stations KRXP-FM and KILO-FM. Simply put, WCCB-TV's broadcast did not—and could not have—aired on CSRB-owned and -operated KRXP-FM and KILO-FM, and WCCB-TV's website posting of that Charlotte-based broadcast was not targeted to Colorado. *See* Borman Decl. ¶¶ 8–9, 16–19.

Accordingly, Bahakel is not subject to personal jurisdiction in this Court. *See, e.g.*, *Shrader v. Biddinger*, 633 F.3d 1235, 1241 (10th Cir. 2011) (explaining that personal jurisdiction based on website must come from "indications that a defendant deliberately directed its message at an audience in the forum state and intended harm to the plaintiff occurring primarily or particularly in the forum state"); *Good*, 271 F. App'x at 759 (web presence insufficient to establish personal jurisdiction alone); *see also Soma Med. Int'l*, 196 F.3d at 1296 (noting in general jurisdiction analysis that "exercising personal jurisdiction is not appropriate when the Internet use involves [a] passive Web site that does little more than make information available to those who are interested in it" (internal quotation marks omitted and second alteration in original)).

**II.     Because Bahakel is not subject to personal jurisdiction in Colorado, and because no part of the events giving rise to Plaintiff's alleged claim occurred in Colorado, venue is not proper in this judicial district.**

As the foregoing Section demonstrates, Bahakel is not subject to this Court's personal jurisdiction. Nor do the events giving rise to Plaintiff's allegations touch Colorado in any way. Accordingly, under the plain terms of the general federal venue statute, venue

is not proper in this judicial district. This requires dismissal or transfer to a judicial district in which the case could have been brought.

28 U.S.C. § 1391(b)—on which Plaintiff rests his venue allegations, Compl. ¶ 4—provides three possible avenues for selecting a proper venue. Where, as here, there is only one corporate defendant, two of those statutory avenues collapse into a single inquiry—whether the Court has personal jurisdiction over the defendant. *Compare* 28 U.S.C. §§ 1391(b)(1), (c)(2), *with id.* § 1391(b)(3). Accordingly, in the present case Plaintiff may lay venue either in "a judicial district in which" Bahakel is "subject to the court's personal jurisdiction with respect to the civil action in question," *see* 28 U.S.C. § 1391(b)(1), (c)(2), or in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred," *id.* § 1391(b)(2).

As demonstrated above, Bahakel is not subject to this Court's personal jurisdiction. *See supra* Section I. Consequently, venue in this judicial district is not proper under 28 U.S.C. § 1391(b)(1). And Plaintiff's Complaint is, of necessity, bereft of any allegations tying even a single event or omission to Colorado, given that any such alleged events or omissions occurred in Charlotte, North Carolina. *See generally* Compl. Consequently, venue in this judicial district is not proper under 28 U.S.C. § 1391(b)(2).

Because venue in this judicial district is improper, the Court should dismiss Plaintiff's Complaint. *See* 28 U.S.C. § 1406(a). Alternatively, "in the interest of justice" the Court may transfer this case "to any district or division in which it could have been

brought." *Id.* As explained above, for purposes of the venue statute, Bahakel "resides" and the events and omissions giving rise to Plaintiff's claim occurred in Charlotte, North Carolina. *See id.* Accordingly, the Court may transfer this case to the Western District of North Carolina, Charlotte Division—i.e., a "district or division in which it could have been brought." *See id.*

**III.   As an alternative to dismissal or transfer under 28 U.S.C. § 1406(a), this case should be transferred pursuant to 28 U.S.C. § 1404(a) to the Western District of North Carolina, Charlotte Division, because no parties reside in Colorado and all evidence and witnesses are located in North Carolina.**

Transfer under 28 U.S.C. § 1404(a) permits transfer to any district or division in which the case could have been brought, and is available when the transferor court is nonetheless a *proper* venue for the dispute. *See, e.g.*, *Van Dusen v. Barrack*, 376 U.S. 612, 634, (1964) ("[Section] 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, § 1404(a) operates on the premise[] that the plaintiff has properly exercised his venue privilege."). Accordingly, the Court need only perform analysis under Section 1404(a) if it first determines that it may exercise personal jurisdiction over Bahakel (which it cannot).

"An action may be transferred under § 1404(a) at any time during the pendency of the case," including when transfer is raised at the same time as a motion under Federal Rule of Civil Procedure 12(b). *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). In determining whether to transfer venue "[f]or the convenience of parties and witnesses [and] in the interest of justice," 28 U.S.C. § 1404(a),

courts in the Tenth Circuit consider the following factors: (1) "the plaintiff's choice of forum;" (2) "the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses;" (3) "the cost of making the necessary proof"; (4) "questions as to the enforceability of a judgment if one is obtained"; (5) "relative advantages and obstacles to a fair trial"; (6) "difficulties that may arise from congested dockets"; (7) "the possibility of the existence of questions arising in the area of conflict of laws"; (8) "the advantage of having a local court determine questions of local law"; and (9) "all other considerations of a practical nature that make a trial easy, expeditious and economical." *E.g.*, *Emps. Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010). Here, nearly all applicable factors weigh in favor of transfer to the Western District of North Carolina, Charlotte Division; the Court should therefore transfer this case to that venue.[2]

     A. *Factors 2, 3, 5, and 9 together weigh in favor of transfer—all relevant witnesses and evidence are located in Charlotte, North Carolina.*

"The convenience of witnesses is the most important factor in deciding a motion under § 1404(a)," *Emps. Mut. Cas. Co.*, 618 F.3d at 1169, and can alone be dispositive. *See, e.g.*, *DP Precise, LLC v. Phoenix Ins. Co.*, No. 12-CV-03001-REB-CBS, 2013 WL 2378561, at \*3 (D. Colo. May 30, 2013) ("I find that this consideration bears so heavily on

---

[2] Factors 7 and 8 are not implicated by this case—there are no concerns regarding conflicts of laws or the application of local laws because Plaintiff's claims are brought exclusively under the Copyright Act of 1976 and the Digital Millennium Copyright Act. *See generally* Compl.; 17 U.S.C. § 101 *et seq.*

the propriety of venue in this case that it alone warrants transfer . . . ."); *Bell v. Union Pac. R.R. Co.*, No. 07-CV-00209-PSF, 2007 WL 1851423, at *4 (D. Colo. June 27, 2007) (transferring because only two of plaintiff's witnesses were located in Colorado, compared to defendant's five listed fact witnesses). This is because when witnesses and evidence are located in the requested transferee venue, and far from plaintiff's chosen venue, litigating in the transferor court would place unreasonable burdens on third parties, increase the general costs of litigation, and the transferor court's subpoena power might not be able to reach relevant witnesses. *See, e.g.*, *Potter Voice Techs. LLC v. Apple, Inc.*, No. 12-CV-01096-REB-CBS, 2013 WL 1333483, at *3 (D. Colo. Mar. 29, 2013); *Millennium Cryogenic Techs., Ltd. v. Weatherford Artificial Lift Sys., Inc.*, No. 11-CV-01971-WJM-CBS, 2012 WL 1015786, at *3 (D. Colo. Mar. 23, 2012). Those concerns implicate factors 2, 3, 5, and 9. *See Aurora Commercial Corp. v. Lenox Fin. Mortg. Corp.*, No. 13-CV-0323-WJM-MJW, 2013 WL 5200231, at *3–4 (D. Colo. Sept. 16, 2013); *Potter*, 2013 WL 1333483, at *2–3.

In the present case, all of the evidence and witnesses are located in Charlotte, North Carolina. As explained above, Plaintiff's claims focus solely on a news story that was broadcast by and posted on the website of WCCB-TV, a Charlotte, North Carolina television station. The individual who created the relevant news story's content appears to reside in Charlotte, North Carolina, although he no longer works for WCCB-TV. Borman Decl. ¶¶ 10–11. All other WCCB-TV personnel with information regarding the news story

and website posting also reside in or in close proximity to Charlotte, North Carolina. *See id.* ¶ 12. Accordingly, this "factor—the most important factor—weighs strongly in favor of transfer." *E.g.*, *Aurora Commercial Corp.*, 2013 WL 5200231, at *4.

### B. Factor 4 weighs in favor of transfer because a judgment would be easier to enforce in North Carolina.

Courts are generally better able to enforce a judgment where a defendant is incorporated. *See, e.g.*, *Bryant v. Allianz Life Ins. Co. of N. Am.*, No. 09-CV-02307-MSK, 2010 WL 3174749, at *3 (D. Colo. Aug. 10, 2010); *Millennium Cryogenic*, 2012 WL 1015786, at *4. Thus, when the defendant is located in the state of the requested transferee court, and that state is not where the transferor court is located, factor 4 weighs in favor of transfer. *Id.* As explained fully throughout these moving papers, such is the case here. This factor therefore weighs in favor of transfer.

### C. Factor 6 weighs in favor of transfer because this district's civil docket is generally more congested than that of the Western District of North Carolina.

"When evaluating the administrative difficulties of court congestion, the most relevant statistics are the median time from filing to disposition, median time from filing to trial, pending cases per judge, and average weighted filings per judge." *Emps. Mut. Cas. Co.*, 618 F.3d at 1169. As the following chart demonstrates,[3] the Western District of North Carolina ("W.D.N.C.") generally has a less congested civil docket than this district ("D. Colo."):

---

[3] All cited statistics are available on the www.uscourts.gov/statistics-reports website.

- 13 -

|  | **W.D.N.C.** | **D. Colo.** |
|---|---|---|
| *Median time from filing to disposition* | 9.5 months | 7.4 months |
| *Median time from filing to trial* | 21.8 months | 32.2 months |
| *Pending cases per judge* | 359.4 | 522.86 |
| *Average weighted filings per judge* | 188 civil | 530 civil |

The above chart demonstrates that three of four categories strongly weigh in favor of transfer. Put differently, as compared to the Western District of North Carolina, although the median time from filing to disposition is approximately 22% less in the District of Colorado, the remaining categories demonstrate greater congestion in the District of Colorado's docket by approximately 48%, 45%, and 182% increases, respectively. This weighs in favor of transfer. *See, e.g.*, *ADA-ES, Inc. v. Big Rivers Elec. Corp.*, No. 17-CV-1001-WJM-MEH, 2018 WL 828015, at *3 (D. Colo. Feb. 12, 2018).

> *D. Factor 1 has little weight on analysis because Plaintiff does not reside in this district and all events underlying the suit occurred in Charlotte, North Carolina.*

Although when filing suit a plaintiff generally may choose among available permissible fora, "[t]he plaintiff's choice of forum receives less deference . . . if the plaintiff does not reside in the district. . . . Courts also accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *E.g.*, *Emps. Mut. Cas. Co.*, 618 F.3d

at 1168 (citations and quotation marks omitted). As Bahakel has set forth fully above, Plaintiff does not reside in Colorado and all events underlying this suit occurred in Charlotte, North Carolina. Accordingly, this factor should have little weight on the Court's analysis. *See, e.g.*, *DP Precise, LLC*, 2013 WL 2378561, at *2–3; *Bell*, 2007 WL 1851423, at *3.

## CONCLUSION

For these reasons, Bahakel respectfully requests that the Court enter an order dismissing Plaintiff's Complaint or, in the alternative, transferring this action to the Western District of North Carolina, Charlotte Division.

This the 15th day of May, 2020.

> */s/* Patrick Cross
>
> Eric M. David (N.C. Bar # 38118)
> edavid@brookspierce.com
> Patrick Cross (N.C. Bar # 50646)
> pcross@brookspierce.com
> BROOKS, PIERCE, McLENDON,
>  HUMPHREY & LEONARD, L.L.P.
> Wells Fargo Capitol Center
> 150 Fayetteville Street, Suite 1700
> Raleigh, North Carolina 27602
> Telephone:  (919) 839-0300
> Fax:  (919) 839-0304
>
> *Counsel for Defendant*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(2) & (3) OR, IN THE ALTERNATIVE, TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a), AND SUPPORTING BRIEF** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>Richard P. Liebowitz
>Liebowitz Law Firm, PLLC
>11 Sunrise Plaza, Suite 305
>Valley Stream, NY 11580
>(516) 233-1660
>RL@LiebowitzLawFirm.com
>*Counsel for Plaintiff*

This the 15th day of May, 2020.

>/s/ Patrick Cross
>
>Patrick Cross
>N.C. State Bar No. 50646
>pcross@brookspierce.com
>BROOKS, PIERCE, McLENDON,
> HUMPHREY & LEONARD, L.L.P.
>Wells Fargo Capitol Center
>150 Fayetteville Street, Suite 1700
>Raleigh, North Carolina 27602
>Telephone: (919) 839-0300
>Fax: (919) 839-0304
>
>*Counsel for Defendant*