# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
## Civil Action No. 1:20-cv-791-WJM

ROBERT MILLER,

    Plaintiff,

v.

BAHAKEL COMMUNICATIONS, LTD.,

    Defendant.

**PARTIES' PROPOSED SCHEDULING ORDER**

---

## SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The Parties met pursuant to Federal Rule of Civil Procedure 26(f) on May 12, 2020.

Counsel of record for the Parties are:

- Representing Defendant Bahakel Communications, Ltd. ("Defendant"):

    - Eric M. David

        1700 Wells Fargo Capitol Center

        150 Fayetteville Street

        Raleigh, NC 27601

        P.O. Box 1800 (27602)

        (919) 573-6203

    - Patrick Cross

        1700 Wells Fargo Capitol Center

        150 Fayetteville Street

        Raleigh, NC 27601

        P.O. Box 1800 (27602)

        (919) 573-6256

- Representing Plaintiff Robert Miller ("Plaintiff"):

    - Richard Liebowitz

        11 Sunrise Plaza, Suite 305

        Valley Stream, New York 11580

        Telephone: 516-233-1660

## 2. STATEMENT OF JURISDICTION

Subject matter jurisdiction is based on 28 U.S.C. § 1331, because Plaintiff's claims arise under Title 17 of the United States Code. Defendant denies that the Court has personal jurisdiction over it and that venue in this district is proper. *See generally* Defendant's Motion to Dismiss for Lack of Jurisdiction and Improper Venue or, in the Alternative, to Transfer Venue (the "Rule 12 Motion") (ECF No. 17).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiff:

(1) Plaintiff alleges copyright infringement under 17 U.S.C. §§ 106, 501, based on allegations that Defendant published Plaintiff's copyrighted photographs without authorization.

(2) Plaintiff alleges removal of copyright management information under 17 U.S.C. § 1202, based on allegations that Defendant removed the "gutter credit" from Plaintiff's copyright photographs.

b. Defendant:

(1) Defendant alleges that the Court does not have personal jurisdiction over it because Defendant does not reside in Colorado.

(2) Defendant alleges that venue is improper because Defendant does not reside in Colorado and because no act or omission giving rise to the lawsuit occurred in Colorado.

(3) Because Defendant's Answer is not yet due, *see* Fed. R. Civ. P. 12(a)(4), Defendant declines to provide any additional defenses at this time and expressly reserves the right to assert additional defenses at any other time.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

None.

## 5. COMPUTATION OF DAMAGES

Plaintiff: Statutory damages up to $150,000 per photograph and up to $25,000 per photograph for the removal of copyright management information. At this stage of the litigation, we cannot determine the scale of willfulness so we are stating the range of damages for this plan.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting.

   May 12, 2020.

b. Names of each participant and party he/she represented.

   Patrick Cross, representing Defendant Bahakel Communications, Ltd.;

   Richard Liebowitz representing Plaintiff Robert Miller.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

   The Parties have agreed to serve their Rule 26(a)(1) initial disclosures within 21 days from the date on which the Court rules on Defendant's Rule 12 Motion (ECF No. 17). *See* Report of the Parties' Planning Meeting § 2 (ECF No. 18).

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

   The Parties will serve their Rule 26(a)(1) initial disclosures within 21 days from the date on which the Court rules on Defendant's Rule 12 Motion (ECF No. 17).

e. Statement concerning any agreements to conduct informal discovery:

The Parties have not reached any express agreements regarding informal discovery.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The Parties anticipate that this case will require only minimal discovery, given the limited scope of potential witnesses and subjects of inquiry. The Parties further intend to use a unified exhibit numbering system if necessary.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The Parties do not anticipate their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The Parties have discussed the possibility of settlement, but have been unable to reach an agreement thus far.

### 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 8. DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

The Parties have agreed to:

A maximum of 20 interrogatories (including discrete subparts) for each side; and a maximum of 5 depositions for each side.

Either party must seek leave of Court, with good cause shown, to exceed the foregoing limits.

b. Limitations which any party proposes on the length of depositions.

The Parties have agreed to 7 hours, unless otherwise agreed by the Parties or as ordered by the Court.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission.

The Parties have agreed to:

20 requests for admission (including discrete subparts) for each side.

20 requests for production (including discrete subparts) for each side.

Either party must seek leave of Court, with good cause shown, to exceed the foregoing limits.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

Within 5 months after the Court rules on Defendant's Rule 12 Motion (ECF No. 17).

e. Other Planning or Discovery Orders

None.

## 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings:

Within 3 months from the date on which the Court rules on Defendant's Rule 12 Motion (ECF No. 17).

b. Discovery Cut-off:

5 months after the Court rules on Defendant's Rule 12 Motion (ECF No. 17).

c. Dispositive Motion Deadline:

7 months from the date on which the Court rules on Defendant's Rule 12 Motion (ECF No. 17).

d. Expert Witness Disclosure

   1. The parties shall identify anticipated fields of expert testimony, if any.

      The Parties do not currently anticipate any expert testimony.

   2. Limitations which the parties propose on the use or number of expert witnesses.

    None.

3. The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before 5 months from the date on which the Court rules on Defendant's Rule 12 Motion (ECF No. 17).

4. The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before 6 months from the date on which the Court rules on Defendant's Rule 12 Motion (ECF No. 17).

e. Identification of Persons to Be Deposed:

Defendant anticipates deposing Plaintiff, Robert Miller, for a single day, as well as any relevant personnel at the New York Post/Page Six with knowledge of the licensing agreement (if any) for the photographs described in Plaintiff's Complaint. Defendant expressly reserves the right to alter the foregoing list and to add additional persons within the discovery period or, if outside of the discovery period, for good cause shown.

Plaintiff anticipates deposing the editor of the article and/or TV program that used the photographs and Defendant's corporate representative, and estimates 5 to 7 hours for each deposition.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

   _____.

b. A final pretrial conference will be held in this case on _____ at o'clock ____m. A Final Pretrial Order shall be prepared by the Parties and submitted to the court no later than seven days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

   None.

b. Anticipated length of trial and whether trial is to the court or jury.

   2-day jury trial.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

   None.

## 12. NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

[The rest of this page intentionally left blank]

DATED at Denver, Colorado, this _____ day of _____, 20___.

BY THE COURT:

_____

United States Magistrate Judge

APPROVED:

| | |
|---|---|
| */s/* Patrick Cross | /s/ Richard Liebowitz |
| Eric M. David (N.C. Bar # 38118) | Richard P. Liebowitz |
| edavid@brookspierce.com | RL@LiebowitzLawFirm.com |
| Patrick Cross (N.C. Bar # 50646) | LIEBOWITZ LAW FIRM, PLLC |
| pcross@brookspierce.com | 11 Sunrise Plaza, Suite 305 |
| BROOKS, PIERCE, McLENDON, | Valley Stream, New York 11580 |
|  HUMPHREY & LEONARD, L.L.P. | Telephone: 516-233-1660 |
| Wells Fargo Capitol Center | |
| 150 Fayetteville Street, Suite 1700 | *Attorney for Plaintiff Robert Miller* |
| Raleigh, North Carolina 27602 | |
| Telephone: (919) 839-0300 | |
| Fax: (919) 839-0304 | |
| | |
| *Counsel for Defendant* | |

- 11 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **REPORT OF THE PARTIES' PLANNING MEETING (FED. R. CIV. P. 26(f))** was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>Richard P. Liebowitz
>Liebowitz Law Firm, PLLC
>11 Sunrise Plaza, Suite 305
>Valley Stream, NY 11580
>(516) 233-1660
>RL@LiebowitzLawFirm.com
>*Counsel for Plaintiff*

This the 22nd day of May, 2020.

>*/s/* Patrick Cross
>
>Patrick Cross
>N.C. State Bar No. 50646
>pcross@brookspierce.com
>BROOKS, PIERCE, McLENDON,
> HUMPHREY & LEONARD, L.L.P.
>Wells Fargo Capitol Center
>150 Fayetteville Street, Suite 1700
>Raleigh, North Carolina 27602
>Telephone: (919) 839-0300
>Fax: (919) 839-0304
>
>*Counsel for Defendant*

4818-4338-5533.v6