# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
### Civil Action No. 1:20-cv-791-WJM

ROBERT MILLER,

    Plaintiff,

v.

BAHAKEL COMMUNICATIONS, LTD.,

    Defendant.

**DEFENDANT BAHAKEL COMMUNICATIONS, LTD.'S MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HIS COUNSEL AND SUPPORTING BRIEF**

    Defendant Bahakel Communications, Ltd. ("Bahakel"), through counsel and pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, as well as D.C.COLO.LCivR 7.1(a), 7.1(e), and 10.1, and WJM Revised Practice Standards III.A.2 and III.C.1, moves the Court for an order sanctioning Plaintiff and his former Counsel and awarding Bahakel all of its reasonable costs and attorneys' fees incurred in defending this suit, including those incurred in bringing this motion. All pleadings in this suit—including the Complaint that purported to initiate this suit—were filed by an individual (Richard Liebowitz) who was not and is not authorized to practice in this Court, rendering them legal nullities. Plaintiff's Counsel's failure to disclose his ineligibility to practice in this Court prejudiced Bahakel by requiring Bahakel to incur significant cost and expense to respond to an invalid Complaint, only to later discover that the Complaint had no operative legal effect. Plaintiff respectfully requests that the Court sanction Plaintiff's Counsel for

this misconduct by requiring him—rather than Bahakel—to bear the costs of that misconduct.

Pursuant to D.C.COLO.LCivR 7.1(a), on June 8, 2020, Bahakel by electronic letter explained to Plaintiff's Counsel that Bahakel would pursue various forms of relief, including sanctions against Plaintiff's Counsel, if Plaintiff's Counsel did not promptly remedy the legal defect in his pleadings caused by his ineligibility to practice in this Court. Bahakel provided legal authority supporting its position. Plaintiff's Counsel never responded and did not timely remedy the legal defect in the pleadings, thus necessitating this motion.

Pursuant to Federal Rule of Civil Procedure 11(c)(2), on June 29, 2020, Bahakel served a copy of this combined motion and brief on Plaintiff's Counsel.

## **PRESERVATION OF DEFENSES**

By filing this motion, Bahakel does not waive its previously filed objection to personal jurisdiction or venue being laid in this Court.

## **RELEVANT FACTS OF PLAINTIFF'S COMPLAINT**

Plaintiff sued Bahakel for alleged copyright infringement and the alleged removal of copyright management information relating to several photographs. *See generally* Compl., ECF No. 1. As detailed more fully in Bahakel's Motion to Dismiss or, in the Alternative, to Transfer Venue (ECF No. 17) [hereinafter the "Motion to Dismiss"],

Plaintiff brought this case in Colorado against an entity formed, located, and operating in North Carolina and for alleged harms that occurred in Charlotte, North Carolina.

**RELEVANT FACTS AND PROCEDURAL HISTORY REGARDING PLAINTIFF'S COUNSEL'S MISCONDUCT**

In chronological order, the following occurrences gave rise to this motion:

- On October 7, 2019, the Northern District of California entered an order disbarring Plaintiff's Counsel. *See In re Richard P. Liebowitz*, Case No. 19-mc-80228-JD, Order of Disbarment, ECF No. 3 (N.D. Cal. Oct. 7, 2019) [hereinafter "Disbarment Order"].

- On March 23, 2020, Plaintiff's Counsel filed this case. *See* Compl., ECF No. 1.

- On May 15, 2020, Bahakel filed its Motion to Dismiss. Bahakel did so only after twice explaining to Plaintiff's Counsel the clear lack of personal jurisdiction and twice offering to stipulate to waiver of service if Plaintiff were to refile the case in an appropriate forum. Plaintiff's Counsel never substantively responded. *See* Motion to Dismiss, at 2.

- On June 3, 2020, the Court and the Parties were notified of Plaintiff's Counsel's "ineligibility to practice before the court" in light of the Disbarment Order. *See* Advisory Notice to Attorney and Court, ECF No. 20 [hereinafter the "Notice"].

- On June 5, 2020—the deadline by which Plaintiff was required to respond to Bahakel's pending Motion to Dismiss—Plaintiff's Counsel filed an Amended Complaint to avoid responding to Bahakel's Motion to Dismiss.

- On June 12, 2020, the Court again advised Plaintiff's Counsel that his "lack of good standing prohibits [him] from practicing before the bar of this Court . . . ." June 12, 2020 Order, ECF No. 27.

- On June 18, 2020, Magistrate Judge Tafoya struck Plaintiff's Amended Complaint because, in part, it was "filed by [Plaintiff's Counsel], who is prohibited from practicing before the bar of this Court." June 18, 2020 Minute Order, ECF No. 29. That same day, Plaintiff's Counsel withdrew as attorney of record. *See* Minute Order Granting Motion to Withdraw as Attorney, ECF No. 32.

- On June 29, 2020, Plaintiff voluntarily dismissed his case without prejudice. That same day, Bahakel served a copy of this motion on Plaintiff's Counsel.

## ARGUMENT

### I. Plaintiff's Counsel was ineligible to practice in this Court throughout the entirety of this litigation, rendering the initial Complaint invalid.

"An attorney who is not in good standing *shall not practice* before the bar of this court . . . ." D.C.COLO.LAttyR 3(c) (emphasis added). As this Court's rules make clear—and as this Court has already determined—a person who is ineligible to practice in this Court is unable to file legally operative pleadings. *See, e.g.*, *id.*; June 18, 2020 Minute Order, ECF No. 29. Plaintiff's Counsel has lacked good standing since at least October 7, 2019, the date of the Disbarment Order, and therefore was prohibited from filing the

pleading that purported to initiate this litigation.[1] *See, e.g.*, *Lincoln Nat'l Life Ins. Co. v. Silver*, No. 08MC0015 BB, 2010 WL 11619311, at *4 (D.N.M. July 2, 2010) (explaining that when a person is ineligible to practice before a court, "he cannot represent [a party] by filing responsive documents on their behalf"); *Blackman v. D.C.*, 355 F. Supp. 2d 171, 173 (D.D.C. 2005) (*sua sponte* striking preliminary injunction filed by an attorney not authorized to practice in the court). Were it otherwise, those who are ineligible to practice in front of this Court could nonetheless file operative pleadings and in so doing impose a duty to respond on anyone and at any time. This flaunts not just the local rules, but the essential requirement of attorney admission prior to practice. *See Lincoln*, 2010 WL 11619311, at *4.

## II. Sanctions are appropriate under Rule 11.

Federal Rule of Civil Procedure 11(b) establishes that by filing a pleading an attorney certifies that, among other things, the pleading is "not being presented for any

---

[1] Although it appears that the Northern District of California has since clarified that Plaintiff's Counsel never was a member of the Northern District of California bar, *see In re Richard P. Liebowitz*, Case No. 19-mc-80228-JD, Order, ECF No. 17 (N.D. Cal. June 12, 2019) [hereinafter "Clarification Order"], the unambiguous terms—and even the title—of the 2019 Disbarment Order disbarred Plaintiff's Counsel. That rendered Plaintiff's Counsel ineligible to practice under the terms of D.C.COLO.LAttyR 3(a) & (c). To seek relief from that ineligibility, Plaintiff's Counsel was required to submit appropriate filings to this Court's Committee on Conduct pursuant to D.C.COLO.LAttyR 3(d), rather than continuing to initiate lawsuit after lawsuit in the hopes that the Northern District of California's Disbarment Order might ultimately be reversed. At bottom, just as noted in the Clarification Order: "Liebowitz has falsely held himself out as a member of this Court's bar on multiple occasions" and has "filed a number of cases here as though he were a member in good standing." Clarification Order, at 1, 3 ("The unprofessional and blameworthy conduct Liebowitz has shown here is consistent with the extensive public record of discipline he has amassed in courts across the United States.").

improper purpose" and that the pleading is "warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ." When an attorney violates Rule 11(b), the Court may impose sanctions "to deter repetition of the conduct or comparable conduct by others similarly situated," including by ordering "payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation." Fed. R. Civ. P. 11(c)(1), (4). Voluntarily dismissing a case "d[oes] not divest the District Court of jurisdiction to consider [a] Rule 11 motion." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 398 (1990); *Lundahl v. Halabi*, 600 F. App'x 596, 605–06 (10th Cir. 2014).

In the present case, Plaintiff's Counsel had been ineligible to practice in this Court for almost 6 months when he filed this lawsuit. He was obligated to know that the Disbarment Order rendered him ineligible to practice in this Court, *see* D.C.COLO.LAttyR 3(b)(2), and to notify the Court of his ineligibility, *see* D.C.COLO.LAttyR 4(a)(2). Yet Plaintiff's Counsel purported to practice in this Court despite his ineligibility, even continuing to do so after the Court provided him with additional, express notice of his ineligibility to practice. *See* Notice, ECF No. 20. Accordingly, the initiation of this lawsuit and all accompanying filings made by Plaintiff's Counsel were simultaneously made with the improper purpose of evading this Court's practice-eligibility requirements and unwarranted by any existing law or nonfrivolous extension thereof, given Plaintiff's Counsel's lack of eligibility to file anything with operative legal effect in this case.

Bahakel's requested sanction is warranted to deter repetition of such conduct by Plaintiff's Counsel. In particular, Plaintiff's Counsel's misconduct in this case is simply the latest entry in an extremely long catalog of transgressions committed in courts across the nation. Adequately addressing the scope of Plaintiff's Counsel's prior misconduct would far exceed the Court's page limitations governing this motion and accompanying brief. Accordingly, Bahakel respectfully directs the Court's attention to two of the latest Orders addressing Plaintiff's Counsel's misconduct, the latter of which was entered in another case in this District. *See, e.g.*, *Usherson v. Bandshell Artist Management*, No. 19-cv-6368-JMF, 2020 WL 3483661 (S.D.N.Y. June 26, 2020) (54-page Order sanctioning Plaintiff's Counsel and providing a non-exhaustive Appendix of forty additional orders sanctioning Plaintiff's Counsel); *Mondragon v. Nosrak LLC*, No. 19-CV-01437-CMA-NRN, 2020 WL 2395641 (D. Colo. May 11, 2020).

Notably, Plaintiff's Counsel's misconduct has also extended to the federal courts of North Carolina—the appropriate fora for this dispute, if any—where Plaintiff's Counsel has been disqualified from at least one case for his failure to comply with the Court's local rules limiting the number of cases in which an out-of-district attorney may appear. *See Masi v. Mythical Entertainment*, No. 5:19-cv-438-FL, Order Granting Motion to Disqualify Counsel, ECF No. 27 (E.D.N.C. Jan. 14, 2020); *see also Masi v. Mythical Entertainment*, No. 5:19-cv-438-FL, Order, ECF No. 30 (E.D.N.C. Mar. 24, 2020) (noting Plaintiff's Counsel's "numerous deficiencies in other cases before this court"). Moreover,

North Carolina federal courts generally require attorneys not admitted to the North Carolina bar to file a *pro hac vice* application, which would require Plaintiff's Counsel to disclose the Disbarment Order. *See*, *e.g.*, W.D.N.C. LCvR 83.1; *Form Motion for Admission Pro Hac Vice and Affidavit*, Western District of North Carolina, at 2 (last visited July 24, 2020), https://www.ncwd.uscourts.gov/sites/default/files/general/ProHacViceForm.pdf (requiring "[a]pplicant [to] certif[y] s/he has never been the subject of any formal suspension or disbarment proceedings; . . . never had any certificate or privilege to appear and practice before any judicial or administrative body suspended or revoked; and has never received public discipline by any court or lawyer regulatory organization").

Bahakel's requested sanction is therefore further justified by the likelihood that Plaintiff's Counsel filed this jurisdictionally defective suit in this Court, rather than the correct North Carolina forum, to avoid having to grapple with precedent adverse to his appearance in the federal courts of North Carolina.

As other courts have found, "[i]n light of . . . the fact that prior efforts to deter [Plaintiff's Counsel]—including hefty fines . . . and sizeable awards of attorney's fees and costs . . . —were insufficient, substantial sanctions are plainly warranted." *E.g.*, *Usheron*, 2020 WL 3483661, at *19. That is especially true here, given that Bahakel has been forced to incur significant time and expense litigating a case that Plaintiff's Counsel was ineligible to file and with a clear jurisdictional defect. And Bahakel was further forced to incur

additional significant time and expense to resolve issues related to Plaintiff's Counsel's misconduct—issues that rendered the Court's ability to substantively adjudicate this dispute impossible and, therefore, issues which Bahakel had to address. Accordingly, Bahakel respectfully requests that the costs of Plaintiff's Counsel's misconduct be shifted from Bahakel to Plaintiff's Counsel; such deterrence is calibrated precisely to the misconduct that occurred in this case. *See, e.g.*, *Xlear, Inc. v. Wellspring Sales & Mktg., Inc.*, No. 2:16-CV-00826, 2017 WL 3707031, at *3 (D. Utah Aug. 25, 2017) ("A fee award is [correctly] calibrated if it covers the legal bills that the litigation abuse occasioned." (quoting *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017))).

### III. Sanctions are appropriate under the Court's inherent powers.

Courts have the inherent power to sanction a party for litigation abuses, including actions taken in "bad faith, vexatiously, wantonly, . . . for oppressive reasons," or that constitute "willful[ ] abuse [of the] judicial processes." *E.g.*, *Lundahl v. Halabi*, 600 F. App'x 596, 607 (10th Cir. 2014) (alterations in original). Permissible sanctions include those "to reimburse counsel" for the "unnecessary expenditure of time and resources" caused by the sanctioned party's actions. *Id.* Such sanctions may be awarded even after voluntary dismissal of an action. *Lundahl*, 600 F. App'x at 605–06.

In the present case, as explained above, Plaintiff's Counsel was obligated to know that the Disbarment Order rendered him ineligible to practice in this Court and to notify the Court of his ineligibility. It was therefore a willful abuse of the judicial process when

he filed this suit despite his ineligibility to do so. And Bahakel multiple times—including before Bahakel took any action in this case—offered Plaintiff's Counsel various avenues to pursue Plaintiff's alleged claims in an appropriate forum, only to be met with silence each time. At bottom, Bahakel should not be the one to bear the expense caused by Plaintiff's Counsel's abusive actions, and therefore should recover all reasonable costs and attorneys' fees incurred in defending this action, including those incurred in bringing this motion. *See, e.g.*, *Lundhal*, 600 F. App'x at 607; *Xlear, Inc.*, 2017 WL 3707031, at *3–5.

**IV.  Sanctions are appropriate under 28 U.S.C. § 1927.**

"Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "Sanctions under § 1927 are appropriate when an attorney acts recklessly or with indifference to the law. They may also be awarded when an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of the proceedings was unwarranted." *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1221 (10th Cir. 2006) (alteration in original); *Maiteki v. Marten Transp., Ltd.*, 682 F. App'x 695, 697 (10th Cir. 2017) ("[A]ny conduct that, viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court, is sanctionable."). Such sanctions may be awarded even after voluntary dismissal of an action. *See Lundahl*, 600 F. App'x at 605–06; *Heghmann v. Fermanian*, No. 99-336-PH, 2000 WL 1742122, at

*2 (D. Me. Nov. 27, 2000) (explaining that "a court may consider the imposition of sanctions . . . after the voluntary dismissal of the underlying action," including "claims for sanctions under section 1927").

In the present case, as set forth above, the entire course of these proceedings was unwarranted because Plaintiff's Counsel was ineligible to file the Complaint that purported to initiate the case. Plaintiff's Counsel also acted with indifference to the law of this Court, which rendered him ineligible to practice in this Court and charged him with the responsibility to identify his ineligibility and to report it to the Court. And Plaintiff's Counsel multiplied proceedings not just in this case but throughout the nation, filing thousands of meritless cases in the federal district courts. *See*, *e.g.*, *Usheron*, 2020 WL 3483661, at *1; *see also id.* at *8 (noting testimony of Plaintiff's Counsel's firm personnel that "it is the regular practice of [Plaintiff's Counsel's] Firm to file copyright infringement cases without verifying that the works in question are properly registered, because of the 'additional expense' "). Accordingly, 28 U.S.C. § 1927 provides an additional basis for sanctioning Plaintiff's Counsel by requiring him to pay all of Bahakel's reasonable costs and attorneys' fees incurred in defending this action, including those incurred in bringing this motion.

## **CONCLUSION**

For these reasons, Bahakel respectfully requests that the Court enter an order sanctioning Plaintiff and Plaintiff's Counsel by awarding Bahakel all of its reasonable costs

and attorneys' fees incurred in defending this suit thus far, including those incurred in bringing this motion.

This the 24th day of July, 2020.

                                          */s/* Eric M. David

                                          Eric M. David (N.C. Bar # 38118)
                                          edavid@brookspierce.com
                                          Patrick Cross (N.C. Bar # 50646)
                                          pcross@brookspierce.com
                                          BROOKS, PIERCE, McLENDON,
                                           HUMPHREY & LEONARD, L.L.P.
                                          Wells Fargo Capitol Center
                                          150 Fayetteville Street, Suite 1700
                                          Raleigh, North Carolina 27602
                                          Telephone: (919) 839-0300
                                          Fax: (919) 839-0304

                                          *Counsel for Defendant*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Mr. Craig Benjamin Sanders<br>100 Garden City Plaza<br>Suite 500<br>Garden City, NY 11530<br>*csanders@barshaysanders.com* | Mr. Michael T. McConnell<br>4700 South Syracuse Street<br>Denver Corporate Center, Tower I<br>Suite 200<br>Denver, CO 80237<br>*mike@mvp-legal.com* |

This the 24th day of July, 2020.

*/s/* Eric M. David

Eric M. David (N.C. Bar # 38118)
edavid@brookspierce.com
BROOKS, PIERCE, McLENDON,
 HUMPHREY & LEONARD, L.L.P.
Wells Fargo Capitol Center
150 Fayetteville Street, Suite 1700
Raleigh, North Carolina 27602
Telephone:  (919) 839-0300
Fax:  (919) 839-0304

*Counsel for Defendant*