## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 20-cv-00791-WJM-KMT

ROBERT MILLER,

      Plaintiff,

v.

BAHAKEL COMMUNICATIONS, LTD,

      Defendant.

---

### PLAINTIFF AND LIEBOWITZ RESPONSE TO MOTION FOR SANCTIONS

---

Plaintiff Robert Miller, by and through his current counsel, and Plaintiff's former counsel, Richard Liebowitz, pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, as well as D.C.COLO.LCivR 7.1(a), 7.1(e), and 10.1, and WJM Revised Practice Standards III.A.2 and III.C.1., respectfully submit the following response to Defendant Bahakel Communications, Ltd.'s ("Defendant") motion for sanctions [Dkt #35]. For the reasons detailed below, the Court should DENY the motion in its entirety.

### PROCEDURAL BACKGROUND

On March 23, 2020, Plaintiff filed this two-count action against Defendant for copyright infringement and violation of the Digital Millennium Copyright Act. [Dkt. #1]. At the time the case was filed, Mr. Liebowitz was a member in good standing of the District of Colorado bar. On April 13, 2020, defense counsel filed his notice of appearance. [Dkt. #6] On June 3, 2020, the Clerk of Court entered an Advisory Notice indicating that Mr. Liebowitz was no longer a member in good standing of the District of Colorado bar

because of an "Order of Disbarment" entered against Mr. Liebowitz in the Northern District of California in October 2019.  [Dkt. #20]

On June 9, 2020, counsel for Mr. Liebowitz filed a response to the Clerk's Advisory Notice in which it was explained that the so-called "Order of Disbarment", issued by Judge Donato of the Northern District of California, was both substantively and procedurally flawed.  Specifically Mr. Liebowitz submitted that "Judge Donato's October 7, 2019 Order should not be interpreted as a suspension or disbarment automatically revoking his membership to the bar of this Court under D.C.COLO.LAttyR 3(c). Liebowitz could not have been suspended or disbarred from the N.D.Calif. bar because he is ineligible under its criteria for membership, he never applied and he was never admitted." [Dkt. #25, p. 4] On June 12, 2020, the Court entered an order referring Mr. Liebowitz's response to the Committee on Conduct under D.C.COLO.LAttyR 3(d) and D.C.COLO.LAttyR 6(c). [Dkt. #27]

On June 12, 2020, Judge Donato of the Northern District of California entered an Order recognizing that Mr. Liebowitz "cannot be 'disbarred' from a bar to which he was never admitted in the first place . . ." *In the Matter of Richard P. Liebowitz,* 19-mc-80228-JD, Docket Entry 17, p. 1 (N.D. Cal June 12, 2020).

On June 18, 2020, Craig B. Sanders entered his appearance for Plaintiff.  [Dkt #28] The same day, Mr. Liebowitz filed a motion to withdraw.  [Dkt # 30]  The motion to withdraw was granted on June 19, 2020.  [Dkt #32]  On June 29, 2020, Plaintiff filed a notice of voluntary dismissal under Rule 41(a) of the Federal Rules of Civil Procedure. [Dkt. #33]

The District of Colorado Disciplinary Panel (comprised of Chief Judge Brimmer and Judges Arguello and Martinez) entered an "Order on Relief from the Rule of Good Standing" on July 6, 2020. *Exhibit A - Order.* The Panel ruled that Mr. Liebowitz was "entitled to relief from the rule of good standing pursuant to D.C.COLO.L.AttyR 3(d)(2)" and "ORDERED that the Clerk of Court shall correct the court record to reflect that Mr. Liebowitz is, as the date of this order, in good standing." *Exhibit A - Order,* p. 5. The Panel also determined that "there was insufficient proof to support disbarment", that Judge Donato's "Order of Disbarment" did not comport with Mr. Liebowitz's right to due process, and that "it would result in grave injustice . . . to not allow relief from the rule of good standing." *Exhibit A – Order,* p. 4.

On July 24, 2020, Defendant filed its motion of sanctions. [Dkt. #35] The premise of the motion for sanctions is the assertion that Mr. Liebowitz was not genuinely a member in good standing of this District's bar on March 23, 2020 when the Complaint was filed because of the October 2019 Order in the Northern District of California mis-labeled "Order of Disbarment."

<u>**ARGUMENT**</u>

<u>**Point I**</u>:    **Mr. Liebowitz Was Eligible to Practice Law in this District At the Time this Action Was Filed – And Continues to be Eligible Now**

Defendant argues that the Complaint was inoperative at the time it was filed because Mr. Liebowitz should have been ineligible to practice in the District of Colorado as a result of the erroneous "Order of Disbarment" entered by Judge Donato of the Northern District of California. Plaintiff and Mr. Liebowitz submit the July 6, 2020 Order established Judge Donato's order was mistaken – Mr. Liebowitz was never a member of

the Northern District of California bar (because under its eligibility rules he was never a member of the California bar) and therefore could not have been "disbarred." Accordingly, Defendant's motion should be denied for the simple reason that it is entirely based on a false premise, to wit, that Mr. Liebowitz was disbarred by the Northern District of California and therefore automatically lost his "good standing" as a member of the District of Colorado bar at the time of the commencement of this action.  However, it is clear that the July 6, 2020 Order of the Disciplinary Panel of this Court resolved that mistake.  There is no legitimate legal basis for sanctioning either Plaintiff or Mr. Liebowitz for what was adjudicated by the Disciplinary Panel to have been a mistake.  This Court need look no further than the July 6, 2020 Order of the Disciplinary Panel to deny the motion for sanctions.

In addition however, the Disciplinary Panel determined that "there was insufficient proof to support disbarment", that Judge Donato's "Order of Disbarment" did not comport with Mr. Liebowitz's right to due process, and that "it would result in grave injustice . . . to not allow relief from the rule of good standing." [Order, p. 4]. In making this determination, the Disciplinary Panel found Judge Donato's "Order of Disbarment" to be void *ab initio* at the time it was entered and therefore it did not impair Mr. Liebowitz's eligibility to practice law in this District on March 23, 2020 when this action was filed. *Accord In re Benalcaza*r, 283 B.R. 514, 525-26 (Bankr. N.D. Ill. 2002) ("[S]tate court judgments entered in violation of an automatic stay are void ab initio and subject to collateral attack, . .."); *Way v. Gaffney,* 434 F.2d 996 (10th Cir. 1970) (district court's ex parte order, which extended time for appeal, was entered without giving notice to all parties, and was therefore

deemed void ab initio); *Saturn Oil & Gas Co. v. N. Nat. Gas Co.,* 359 F.2d 297, 301 (8th Cir. 1966) ("courts have consistently held that rates imposed by an invalid order, such as the Kansas order, are void ab initio and a complete nullity.").

**Point II:** **Rule 11 is Not Available Because Defendant Failed to Comply with its Safe Harbor Provision**

Defendant moves the Court for sanctions under Rule 11. This argument fails for both procedural and substantive reasons.

Procedurally, there is no indication in the record that Defendant complied with the mandatory safe harbor provision of Rule 11(c)(2), which requires a party who seeks Rule 11 sanctions to serve a copy of his or her motion on the party accused of sanctionable behavior twenty-one days before the motion is filed. Fed. R. Civ. P. 11(c)(2); *Roth v. Green*, 466 F. 3d 1179, 1191-92 (10th Cir. 2006).

In the Tenth Circuit, Rule 11's safe harbor provision is "strictly enforced." *Dowling v. Gen. Motors LLC*, 333 F.R.D. 534, 538 n.5 (D. Colo. 2019) (quoting *Wolf v. Petrock*, No. 08-cv-02749-PAB-KMT, 2010 WL 2232353, at *2 (D. Colo. June 2, 2010)); *see Roth*, 466 F.3d at 1192-93 (holding substantial compliance with Rule 11(c)(2) to be insufficient). Therefore, Defendant's motion is appropriately denied on that basis alone. *See Wolf*, 2010 WL 2232353, at *2 (denying a defendant's motion for sanctions, because there was no evidence that the defendant complied with Rule 11(c)(2)).

Substantively, the Rule 11 motion fails for all the same reasons set forth in Point I, *supra.* Namely, Mr. Liebowitz was eligible to practice law in this District as of the time the complaint was filed because Judge Donato's Order of Disbarment was *void ab initio* for its failure to comport with Mr. Liebowitz's basic rights of due process and, by Judge

Donato's later admission, was substantively incorrect to the extent that Mr. Liebowitz could not be disbarred from Northern District of California.

**Point III:** **Defendant Has Failed to Present Clear and Convincing Evidence of Bad Faith So As To Support Sanctions under 28 U.S.C. § 1927 or the Court's Inherent Power**

Defendant asks the Court to award attorneys' fees under 28 U.S.C. § 1927. Section 1927 of Title 28 provides that:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

Sanctions under § 1927 are only appropriate when an attorney acts "recklessly or with indifference to the law." *Dominion Video Satellite, Inc. v. Echostar Satellite, LLC,* 430 F .3d 1269, 1278 (10th Cir.2005). Sanctions are also only appropriate when "an attorney is cavalier or bent on misleading the court; intentionally acts without a plausible basis; [or] when the entire course of proceedings was unwarranted." *Miera v. Dairyland Ins. Co.,* 143 F.3d 1337, 1342 (10th Cir.1998) (internal quotations and citations omitted). "However, § 1927 only applies to the multiplication of proceedings and not to the initiation of litigation." *Alcohol Monitoring Sys., Inc. v. Actsoft, Inc.*, No. 07-CV-02261-PAB-MJW, 2013 WL 1324842, at *4 (D. Colo. Mar. 30, 2013) (citing *Steinert v. Winn Group, Inc.,* 440 F.3d 1214, 1224 (10th Cir.2006)).

Here, as a procedural matter, Defendant is foreclosed from seeking sanctions under § 1927 because the conduct of which it complains is the initiation of litigation, rather than multiplication of proceedings. *Id.*

As a substantive matter, Defendant's motion, whether set forth under section 1927 or the Court's inherent power, fails for all of the reasons set forth in Point I, *supra.* Mr. Liebowitz was in fact eligible to practice law in this District as of March 2020 when the complaint was filed.  Judge Donato's "Order of Disbarment," which was procedurally and substantively flawed from outset according to the Panel in this District, should not be used as a basis to sanction Mr. Liebowitz or Plaintiff.

## <u>CONCLUSION</u>

Based on the foregoing, Mr. Liebowitz respectfully requests that the Court DENY Defendant's Motion for Sanctions in its entirety.

Dated: August 14, 2020


*/s/ Craig B. Sanders*
Craig B. Sanders
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Phone:  516.203.7600
Fax:  516.282.7878
Email:  csanders@barshaysanders.com

ATTORNEYS FOR PLAINTIFF

*/s/ Michael T. McConnell*
Michael T. McConnell
McCONNELL VAN PELT, LLC
4700 South Syracuse Street, Suite 200
Denver, Colorado 80237
Telephone No.: 303.480.0400
Facsimile No.: 303.458.9520
Email: mike@mvp-legal.com

ATTORNEYS FOR RICHARD LIEBOWITZ

7

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on this 14th day of August, 2020, the foregoing **PLAINTIFF AND LIEBOWITZ RESPONSE TO MOTION FOR SANCTIONS** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following counsel of record:

Craig Benjamin Sanders
Barshay Sanders PLLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
csanders@barshaysanders.com
*Attorneys for Plaintiff*

Eric M. David
Patrick Cross
Brooks Pierce McLendon Humphrey &
Leonard LLP-Raleigh
PO Box 1800
150 Fayetteville Street
1700 Wells Fargo Capitol Center
Raleigh, NC 27601
edavid@brookspierce.com
pcross@brookspierce.com
*Attorneys for Defendant*

**Emailed to client:**
Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
rl@liebowitzlawfirm.com

*/s/ Lindsay Gonzales*
Lindsay Gonzales, Legal Assistant