IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Civil Action No. 1:20-cv-791-WJM

| | |
|---|---|
| ROBERT MILLER,<br><br>           Plaintiff,<br><br>      v.<br><br>BAHAKEL COMMUNICATIONS, LTD.,<br><br>           Defendant. | **DEFENDANT BAHAKEL COMMUNICATIONS, LTD.'S REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST PLAINTIFF AND HIS COUNSEL** |

Defendant Bahakel Communications, Ltd. ("Bahakel"), through counsel and pursuant to D.C.COLO.LCivR 7.1(d), 7.1(e), and 10.1, and WJM Revised Practice Standards III.A.3 and III.C.1, submits this Reply Brief in support of its Motion for Sanctions (ECF No. 35). Plaintiff and his former counsel's (collectively, "Plaintiff's Counsel's") attempts to rewrite history in response to Bahakel's Motion (ECF No. 36) do nothing to alter the dispositive facts: Plaintiff's Counsel was unauthorized to practice in this Court throughout the duration of this lawsuit, rendering each filing he made a distinct violation of this Court's Local Rules, Federal Rule of Civil Procedure 11, and 28 U.S.C. § 1927. Sanctions are appropriate to equitably allocate the costs of this litigation and deter Plaintiff's Counsel from repeating the same and similar misconduct, especially given that Plaintiff's Counsel continues to exhibit flagrant disregard for the Rules of Civil Procedure and the rules of the numerous courts in which he appears.

## PRESERVATION OF DEFENSES

By filing this Reply, Bahakel does not waive its previously filed objection to personal jurisdiction or venue being laid in this Court.

## ARGUMENT

### I. Plaintiff's Counsel was not authorized to practice in this Court throughout the entirety of this litigation.

Plaintiff's Counsel's primary argument in response to Bahakel's Motion is that "[a]t the time the case was filed, Mr. Liebowitz was a member in good standing of the District of Colorado bar." Response at 1, 3–7. That is incorrect. As stated in the July 6, 2020, Order by a Disciplinary Panel of this Court, "the bar status of Mr. Liebowitz" was "automatic[ally] downgrad[ed]" to " 'not in good standing' under D.C.COLO.LAttyR 3(c), effective as of . . . October 7, 2019." *In re Richard P. Liebowitz*, Disciplinary Action No. 20-CC-1, Order on Relief from Rule of Good Standing, at 1 (D. Colo. July 6, 2020) (emphasis added). Plaintiff's Counsel filed this case nearly 6 months later.

Further, Plaintiff's Counsel's argument that the underlying Order of Disbarment, was "void *ab initio*" is a red herring that disregards both this Court's local rules and core practical considerations. The Northern District of California entered an unambiguous disciplinary order disbarring Plaintiff's Counsel. *See In re Richard P. Liebowitz*, Case No. 19-mc-80228-JD, Order of Disbarment, ECF No. 3 (N.D. Cal. Oct. 7, 2019). And under this Court's local rules: "It is presumed that discipline imposed by another court against a member of the bar of [the United States District Court for the District of Colorado] is

appropriate," such that an attorney who wishes to regain the ability to practice in this Court must "file a request for relief" and make an adequate supporting demonstration. D.C.COLO.LAttyR 3(d)(1), (2); *see also id.* LAttyR 4(b) (explaining that failure to self-report disciplinary actions taken by another court is a "separate cause for disciplinary action").

Indeed, the docket in this case, once the Court on its own discovered that Plaintiff's Counsel was ineligible to practice in this Court, reveals how the procedure should work:

- The Court learns that Plaintiff's Counsel is ineligible to practice due to discipline entered by another court. (*See* Advisory Notice to Attorney and Court, ECF No. 20.)

- Plaintiff's Counsel is therefore required to withdraw due to that ineligibility. (*See* Order, ECF No. 27.)

- Plaintiff's Counsel withdraws. (*See* Order, ECF No. 30.)

If that procedure had been followed at the time Plaintiff's Counsel was actually rendered ineligible to practice in this Court, and pursuant to the self-reporting duty that Plaintiff's Counsel ignored, then Plaintiff's Counsel would not have been eligible to practice in this Court at any time throughout the course of this litigation and would not have been eligible to make any of the filings he made in this case.

Accepting Plaintiff's Counsel's argument to the contrary would permit attorneys to completely disregard D.C.COLO.LAttyR 3(c), 3(d), and 4, such that an attorney disciplined in another jurisdiction could continue to practice in this Court based solely on the undisclosed hope that he might one day be able to overturn the disciplinary order

entered in the other jurisdiction. This Court's local rules, practical considerations, and respect for the disciplinary orders of sister courts all require Plaintiff's Counsel's argument to be rejected.

## II. As expressly stated in the underlying Motion, Bahakel complied with Federal Rule of Civil Procedure 11(c)(2)'s Safe Harbor Provision.

Plaintiff's Counsel states without support that "there is no indication in the record that Defendant complied with the mandatory safe harbor provision of Rule 11(c)(2)." Response, at 5. To the contrary, Bahakel accurately stated in its Motion that "[p]ursuant to Federal Rule of Civil Procedure 11(c)(2), on June 29, 2020, Bahakel served a copy of this combined motion and brief on Plaintiff's Counsel." Motion, at 2. As further support, Bahakel has attached to this Reply, as Exhibit 1, the Declaration of undersigned counsel attesting to the veracity of the statement made in Bahakel's Motion. Bahakel has further attached to this Reply, as Exhibit 2, the transmittal letter and courtesy email attaching the Motion to Craig Benjamin Sanders, attorney of record for Plaintiff, and Michael T. McConnell, the attorney of record for Plaintiff's Counsel. The transmittal letter stated that the Motion was being provided to the attorney of record for Plaintiff and the attorney of record for Plaintiff's Counsel in compliance with Federal Rule of Civil Procedure 11(c)(2).

## III. Sanctions are appropriate under 28 U.S.C. § 1927 because Plaintiff's Counsel multiplied proceedings.

In briefly addressing Bahakel's request for sanctions under 28 U.S.C. § 1927, Plaintiff's Counsel states that the only "conduct of which [Bahakel] complains is the

- 4 -

initiation of litigation, rather than the multiplication of proceedings." Response, at 7. That is incorrect. Bahakel expressly stated as grounds for sanctions that "the entire course of these proceedings was unwarranted" and that "Plaintiff's Counsel multiplied proceedings not just in this case but throughout the nation . . . ." Motion, at 11. As the controlling Tenth Circuit case cited by Plaintiff's Counsel notes, § 1927 is intended to impose sanctions on attorneys who do not both "regularly re-evaluate the merits of their claims and avoid prolonging meritless claims." *Steinert v. Winn Grp., Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006) (noting that multiplication of proceedings can encompass any time after a complaint is filed); *see* Response, at 6 (citing *Seinert*). That is precisely what happened here— Plaintiff's Counsel filed a jurisdictionally defective suit despite lacking the requisite eligibility to do so, and thereafter prolonged those meritless claims by, most notably: (1) declining to consent to the transfer of this case to the appropriate forum (if any) for this dispute, thus requiring Bahakel to file its Motion to Dismiss, *see* Bahakel's Motion to Dismiss or Transfer, at 2 (ECF No. 17); (2) causing Bahakel to incur significant time and expense related to required discovery processes, including those related to the Rule 26(f) conference and the necessary accompanying filings, and preparing and serving multiple discovery responses; and (3) causing Bahakel to incur significant time and expense in attempting to resolve the issues related to Plaintiff's Counsel's misconduct, which

Plaintiff's Counsel declined to resolve on his own despite Bahakel's request that he do so, *see* Motion, at 2.

### IV. Plaintiff continues to be disciplined and sanctioned by other courts, thus underscoring and heightening the need for deterrence.

As explained in Bahakel's Motion and the authorities cited therein, Plaintiff's Counsel has continually disregarded the Federal Rules of Civil Procedure and the rules of the numerous courts in which he appears. Motion, at 8–9. And Courts have sanctioned—and continue to sanction—Plaintiff's Counsel for that misconduct. Indeed, in the approximately four weeks since Bahakel filed its Motion, at least two additional orders have been entered sanctioning Plaintiff's Counsel.

First, in an opinion discussing a strikingly similar set of jurisdictional facts as those presented by this case, the United States District Court for the Eastern District of Missouri entered an order awarding attorneys' fees and costs under § 1927 against Plaintiff's Counsel for bringing a jurisdictionally defective lawsuit. *Belaustegui v. KC Media LLC*, No. 4:20 CV 531 CDP, 2020 WL 4805075 (E.D. Mo. Aug. 17, 2020). The *Belaustegui* court based its fee award on the fact that "plaintiff's counsel, Richard P. Liebowitz, engages in a pattern of improperly filing copyright cases in the wrong venue to avoid additional costs imposed by the local rules of the appropriate court." *Id.* at *2 ("I cannot find that Liebowitz's filing of this case in the wrong venue was a mere oversight or mistake given his extensive nationwide practice in copyright litigation and the numerous admonitions issued by several other courts regarding his practice of filing in improper venues."). And

in *Belaustegui*—as here—Plaintiff's Counsel filed an amended complaint to avoid responding to a motion to dismiss or transfer a clearly jurisdictionally defective complaint. *Id.* at *2–3.

Second, in an opinion in *Adlife Marketing & Communications Co., Inc. v. Buckingham Brothers, LLC*, No. 5:19-CV-0796-LEK-CFH, 2020 WL 4795287 (N.D.N.Y. Aug. 18, 2020), Senior United States District Judge Lawrence E. Kahn "recommends the removal of Liebowitz from the roll of the court" in light of his failure to comply with the court's local rules and to report the Order of Disbarment. *Id.* at *11. In further sanctioning Plaintiff's Counsel pursuant to the court's inherent authority, that same decision recounts numerous other instances of Plaintiff's Counsel's misconduct, including that "Liebowitz . . . employed misleading citations and frivolous assertions," *id.* at *2, that the time "recorded for attorney hours is fraudulent and materially false" such that Plaintiff's Counsel "attempt[ed] to gouge Defendant for time and expenses [Plaintiff's Counsel's] firm never spent," *id.* at *5, and that Plaintiff's Counsel submitted filings that "consciously disregard" other court's decisions and intentionally made "misleading statements in characterizing . . . inapplicable case law.," *id.* at *8 ("This omission leads the Court to infer that Liebowitz had the intention of misleading the Court").

As the *AdLife* opinion notes, "a court may take judicial notice of other courts' rulings and the counsel's past misconduct." *Id.* at *10. Bahakel respectfully requests that the Court do so here, and recognize the strong need to deter the continued and ongoing

nature of Plaintiff's Counsel's misconduct. *See Usherson v. Bandshell Artist Mgt.*, No. 19-CV-6368, 2020 WL 4228754, at *5 (S.D.N.Y. July 22, 2020) ("There is a strong public interest in shining a bright light on Mr. Liebowitz's extraordinary record of misconduct and in ensuring that both courts and his clients, current and future, are aware of that history so that they can be vigilant in scrutinizing Mr. Liebowitz's conduct."); *accord, e.g.*, *AdLife*, 2020 WL 4795287, at *10 (quoting same).

## **CONCLUSION**

For these reasons, Bahakel respectfully requests that the Court enter an order sanctioning Plaintiff and Plaintiff's Counsel by awarding Bahakel all of its reasonable costs and attorneys' fees incurred in defending this suit thus far, including those incurred in bringing this motion.

This the 27th day of August, 2020.

                                            */s/* Eric M. David

                                            Eric M. David (N.C. Bar # 38118)
                                            edavid@brookspierce.com
                                            Patrick Cross (N.C. Bar # 50646)
                                            pcross@brookspierce.com
                                            BROOKS, PIERCE, McLENDON,
                                             HUMPHREY & LEONARD, L.L.P.
                                            Wells Fargo Capitol Center
                                            150 Fayetteville Street, Suite 1700
                                            Raleigh, North Carolina 27602
                                            Telephone:  (919) 839-0300
                                            Fax:  (919) 839-0304
                                            *Counsel for Defendant*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

| | |
|---|---|
| Mr. Craig Benjamin Sanders<br>100 Garden City Plaza<br>Suite 500<br>Garden City, NY 11530<br>*csanders@barshaysanders.com* | Mr. Michael T. McConnell<br>4700 South Syracuse Street<br>Denver Corporate Center, Tower I<br>Suite 200<br>Denver, CO 80237<br>*mike@mvp-legal.com* |

This the 27th day of August, 2020.

*/s/* Eric M. David

Eric M. David (N.C. Bar # 38118)
edavid@brookspierce.com
BROOKS, PIERCE, McLENDON,
 HUMPHREY & LEONARD, L.L.P.
Wells Fargo Capitol Center
150 Fayetteville Street, Suite 1700
Raleigh, North Carolina 27602
Telephone:  (919) 839-0300
Fax:  (919) 839-0304

*Counsel for Defendant*