**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-0791-WJM-KMT

ROBERT MILLER,

    Plaintiff,

v.

BAHAKEL COMMUNICATIONS, LTD.,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SANCTIONS AGAINST
PLAINTIFF AND HIS COUNSEL**

---

Before the Court is Defendant Bahakel Communications, LTD.'s Motion for Sanctions Against Plaintiff and His Counsel ("Motion"). (ECF No. 35.) Plaintiff Robert Miller and Richard Liebowitz, Miller's former counsel, responded in opposition (ECF No. 36), and Defendant replied (ECF No. 37). For the following reasons, the Motion is granted.

**I. BACKGROUND**

Plaintiff is a professional photographer "having a usual place of business" in New York, New York. (ECF No. 1 ¶ 5.)[1] He is in the business of licensing his photographs to online and print media for a fee. (*Id.*) Plaintiff alleges that Defendant, a limited company "with a place of business" in Colorado Springs, Colorado, owns and operates a website at the URL: www.WCCBCharlotte.com ("Website"). (¶ 6.) Plaintiff alleges that the Court has personal jurisdiction over Defendant "because Defendant resides

---

[1] Citations to (¶ __), without more, are references to the Complaint. (ECF No. 1.)

and/or transacts busines in Colorado." (¶ 3.)

Plaintiff photographed comedian Tracy Morgan's Bugatti car accident. (¶ 7.) Defendant allegedly featured Plaintiff's photographs on the the Website without licensing them from Plaintiff or obtaining his permission or consent. (¶¶ 11–12.)

On March 23, 2020, Plaintiff filed the Complaint, alleging: (1) copyright infringement under 17 U.S.C. §§ 106 and 501 (¶¶ 13–19); and (2) integrity of copyright management information under 17 U.S.C. § 1202 (¶¶ 20–27).

In the Motion, Defendant states that before filing a motion to dismiss, it attempted on at least two occasions to explain to Liebowitz the "clear lack of personal jurisdiction and twice [offered] to stipulate to waiver of service if Plaintiff were to refile the case in an appropriate forum." (ECF No. 35 at 3.) However, Defendant states that Liebowitz never substantively responded to its efforts to resolve these issues. (*Id.*)

Accordingly, on May 15, 2020, Defendant filed its Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) & (3), Or, In the Alternative, to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Motion to Dismiss"). (ECF No. 17.) In the Motion to Dismiss, Defendant explains that it is a company organized under the laws of North Carolina and headquartered in Charlotte, North Carolina. (*Id.* at 1.) Plaintiff's lawsuit, however, focuses exclusively on Defendant's use of a photograph in a television broadcast and on the Website, also located and licensed by the FCC to operate exclusively in Charlotte, North Carolina. (*Id.*)

On June 3, 2020, the Court and the parties were notified of Liebowitz's "inability to practice before the court" in light of a disbarment order issued by the Northern District of California in October 2019. (ECF No. 20.) On June 5, 2020, the deadline by which

2

Plaintiff was required to respond to the Motion to Dismiss, Plaintiff instead filed an amended complaint. (ECF No. 23.) That amended complaint, however, was stricken on June 18, 2020 because it was "filed in violation of D.C.COLO.LCivR 15.1 and filed by Mr. Liebowitz, who is prohibited from practicing before the bar of this Court." (ECF No. 29.) That same day, Liebowitz moved to withdraw from the case. (ECF No. 30.) On June 19, 2020, the motion to withdraw was granted, and Liebowitz was terminated from the case. (ECF No. 32.) On June 29, 2020, Plaintiff voluntarily dismissed this case without prejudice (ECF No. 33), and the Clerk of Court terminated the case accordingly (ECF No. 34).

Defendant filed the Motion on July 24, 2020, requesting that the Court issue an order sanctioning Plaintiff and Liebowitz and awarding all of Defendant's attorneys' fees and costs incurred in defending this lawsuit. (ECF No. 35.)

## II. JURISDICTION

Plaintiff has voluntarily dismissed the Complaint pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(I). (ECF No. 33.) While dismissal terminates a court's subject-matter jurisdiction over the substantive merits of an action, the Court nonetheless "retains the inherent authority to issue orders on matters collateral to the merits." *Lundahl v. Halabi*, 600 F. App'x 596, 605 (10th Cir. 2014). This authority extends to conducting sanction proceedings and imposing "any sanction for abusive conduct for which sanctions are authorized by the federal rules of procedure or federal statutes, including awarding costs or attorney's fees." *Id.* at 605–06. Accordingly, the Court retains jurisdiction to rule on the Motion.

### III. AUTHORITY FOR SANCTIONS

**A.     Federal Rule of Civil Procedure 11**

Rule 11(b) provides:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

"If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1).

**B.     Court's Inherent Authority**

Federal courts have certain "inherent powers" which are not conferred by rule or statute "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). Among

4

these powers is a court's "ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44–45 (1991); *see also Rice v. NBCUniversal Media, LLC*, 2019 WL 3000808, at *3–4 (S.D.N.Y. July 10, 2019) (imposing sanctions pursuant to court's inherent powers). One permissible sanction is an assessment of attorneys' fees, requiring the party that has engaged in misconduct to reimburse the legal fees and costs of the other party. *Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1186 (2017). Such a sanction "must be compensatory rather than punitive in nature." *Id.*

**C.    28 U.S.C. § 1927**

28 U.S.C. § 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Given this statutory language, "[a] court may assess attorney[s'] fees against an attorney under § 1927 if (a) the actions of the attorney multiply the proceedings, and (b) the attorney's actions are vexatious and unreasonable." *Shackelford v. Courtesy Ford, Inc.*, 96 F. Supp. 2d 1140, 1144 (D. Colo. 2000).

"Actions are considered vexatious and unreasonable if the attorney acts in bad faith . . . or if the attorney's conduct constitutes a reckless disregard for the duty owed by counsel to the court." *Id.*; *see also Miera v. Dairyland Ins. Co.*, 143 F.3d 1337, 1342 (10th Cir. 1998) (collecting various specific scenarios that evince sanctionable conduct). The attorney's conduct is judged objectively; subjective bad faith is not required to justify § 1927 sanctions. *See Hamilton v. Boise Cascade Exp.*, 519 F.3d 1197, 1203 (10th Cir. 2008) ("Where, 'pure heart' notwithstanding, an attorney's momentarily 'empty

5

head' results in an objectively vexatious and unreasonable multiplication of proceedings at expense to his opponent, the court may hold the attorney personally responsible."). Ultimately, whether to award § 1927 sanctions is a matter committed to this Court's discretion. *Dominion Video Satellite, Inc. v. Echostar Satellite L.L.C.*, 430 F.3d 1269, 1278–79 (10th Cir. 2005).

## IV. ANALYSIS[2]

Federal judges have described Liebowitz as a "legal lamprey," *Ward v. Consequence Holdings, Inc.*, 2020 WL 2219070, at *4 (S.D. Ill. May 7, 2020), and a "clear and present danger both to the administration of justice generally, and to the interests of his own clients," *Mondragon v. Nosrak LLC*, 2020 WL 2395641, at *13 (D. Colo. May 11, 2020). Liebowitz "has become one of the most frequently sanctioned lawyers, if not the most frequently sanctioned lawyer, in [the Southern District of New York]," and "[j]udges [there] and elsewhere have spent untold hours addressing Mr. Liebowitz's misconduct, which includes repeated violations of court orders and outright dishonesty, sometimes under oath." *Usherson v. Bandshell Artist Mgmt.*, 2020 WL 3483661, at *1 (S.D.N.Y. June 26, 2020). With this Order, the Court adds to the "growing body of law . . . devoted to the question of whether and when to impose sanctions on Mr. Liebowitz alone." *Rice*, 2019 WL 3000808, at *1.

### A.   Personal Jurisdiction

In the Complaint, Plaintiff alleges that the Court has personal jurisdiction over

---

[2] The Court understands that the primary basis for the Motion is Liebowitz's ineligibility to practice before the Court at the time he filed this lawsuit and throughout the course of this litigation. (ECF No. 35.) However, given the convoluted history of Liebowitz's eligibility to practice in the District of Colorado (which the Court need not recount here), the Court finds it appropriate to sanction Liebowitz on alternate, but equally significant, grounds.

6

Defendant because "Defendant resides and/or transacts business in Colorado." (¶ 3.) Plaintiff also alleges that Defendant has "a place of business" in Colorado Springs, Colorado. (¶ 6.)

Defendant asserts that sanctions against Plaintiff and Liebowitz are "justified by the likelihood that [Liebowitz] filed this jurisdictionally defective suit in this Court, rather than the correct North Carolina forum, to avoid having to grapple with precedent adverse to his appearance in the federal courts of North Carolina." (ECF No. 35 at 8.) Because Plaintiff filed the lawsuit in Colorado, instead of North Carolina, Defendant "has been forced to incur significant time and expense litigating a case that [Liebowitz] was ineligible to file and with a clear jurisdictional defect." (*Id.*; *see also* ECF No. 37 at 5.) Under these circumstances, Defendant requests that the Court enter an order sanctioning Plaintiff and Liebowitz by awarding Defendant all of its reasonable costs and attorneys' fees incurred in defending this suit thus far, including those incurred in bringing the Motion. (ECF No. 37 at 8.) Defendant argues that sanctions are appropriate under Rule 11, the Court's inherent authority to sanction litigants, and § 1927. (*See* ECF No. 35.)

Plaintiff and Liebowitz do not address the jurisdictional defect in their response; instead, they focus on Defendant's arguments related to Liebowitz's ineligibility to practice before this Court. (*See generally* ECF No. 36.)

Plaintiff's allegations plainly do not establish a plausible basis for personal jurisdiction over Defendant. Nothing in the Complaint supports the conclusory allegation that Defendant "resides" in Colorado. (¶ 3.) Further, the mere transaction of business in the forum state is not sufficient to establish a basis for general or specific

7

personal jurisdiction.  *See Jamieson v. Hoven Vision LLC*, 2020 WL 7043865, at *3 (D. Colo. Dec. 1, 2020) (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137–38 (2014); *Oaster v. Robertson*, 173 F. Supp. 3d 1150, 1163 (D. Colo. 2016) (finding that the statement that "at all material times, [the defendant] did and continues to do business in Colorado" was insufficient to establish personal jurisdiction)).  Rather, a plaintiff must allege "continuous and systematic" contacts with a forum state to provide a basis for general jurisdiction.  *Daimler*, 571 U.S. at 127.  Plaintiff does not allege that Defendant's contacts with Colorado are continuous or systematic.  Nor does Plaintiff allege that his injury in this action is in any way connected with Colorado such that there is specific personal jurisdiction over Defendant.  The mere allegation that upon information and belief, Defendant has "a place of business" in Colorado, without more, is also insufficient to establish personal jurisdiction.  *See Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1071 (10th Cir. 2008) (citation omitted) ("the shared aim of 'purposeful direction' doctrine has been said by the Supreme Court to ensure that an out-of-state defendant is not bound to appear to account for merely 'random, fortuitous, or attenuated contacts' with the forum state").

Liebowitz's strategy of filing copyright actions in an inappropriate venue and without a basis for personal jurisdiction is not unique to this case.  Numerous courts around the country, including the District of Colorado, have addressed similar jurisdictional defects in copyright cases Liebowitz has filed.  *See Jamieson*, 2020 WL 7043865, at *4 (ordering Liebowitz to show cause why he should not be sanctioned for misconduct, including filing an action with no basis for personal jurisdiction in Colorado); *Belaustegui v. KC Media LLC*, 2020 WL 4805075, at *3 (E.D. Mo. Aug. 17, 2020)

(granting defendant's request for fees and costs under § 1927 in light of the record demonstrating that Liebowitz's filing of an action in the Eastern District of Missouri was "unreasonable and constituted reckless disregard of his duties to [the] Court" and that "Liebowitz should have known that the Eastern District of Missouri was the wrong and improper venue for [the] action" and "unreasonably multiplied [the] proceedings"); *Mondragon*, 2020 WL 2395641, at *8 (discussing Liebowitz's practice of filing cases in improper venues with no basis for personal jurisdiction to avoid certain local rules); *Ward*, 2020 WL 2219070, at *3 (Liebowitz filed lawsuit in the Southern District of Illinois, rather than the correct venue of the Northern District of Illinois, as part of a pattern by which Liebowitz seeks to avoid the Northern District of Illinois's local rules by improperly filing cases in the Southern District of Illinois).

Liebowitz's pattern of "bad-faith and vexatious conduct" likely warrants judicial action. As it has in recent copyright cases initiated by Liebowitz, the Court finds that an "award of attorney's fees and costs may be appropriate to compensate Defendant for defending this slapdash action." *See Jamieson*, 2020 WL 7043865, at *4.

**B.     Rule 11 Safe Harbor**

In the Motion, Defendant states:

> Pursuant to D.C.COLO.LCivR 7.1(a), on June 8, 2020, Bahakel by electronic letter explained to Plaintiff's Counsel that Bahakel would pursue various forms of relief, including sanctions against Plaintiff's Counsel, if Plaintiff's Counsel did not promptly remedy the legal defect in his pleadings caused by his ineligibility to practice in this Court. Bahakel provided legal authority supporting its position. Plaintiff's Counsel never responded and did not timely remedy the legal defect in the pleadings, thus necessitating this motion.
>
> Pursuant to Federal Rule of Civil Procedure 11(c)(2), on June 29, 2020, Bahakel served a copy of this combined motion and brief on Plaintiff's Counsel.

9

(ECF No. 35 at 2.)

Inexplicably, despite the foregoing statement, Plaintiff and Liebowitz aver that "[p]rocedurally, there is no indication in the record that Defendant complied with the mandatory safe harbor provision of Rule 11(c)(2) . . . ." (ECF No. 36 at 5.) They provide no support for this statement.

To the reply brief, Defendant attaches the Declaration of Eric M. David In Support of [Defendant's] Reply In Support of Motion for Sanctions. (ECF No. 37-1.) In that Declaration, Eric David, counsel of record for Defendant, states that on June 29, 2020, a paper copy of the Motion was mailed to Craig Benjamin Sanders and Michael T. McConnell, attorneys of record for Plaintiff and Liebowitz. (*Id.* ¶ 3.) David also e-mailed a courtesy copy of the Motion to the same recipients. (*Id.* ¶ 4.) Defendant submits as exhibits to the Motion the transmittal letter and the e-mail. (ECF No. 37-2.)

First, the Court finds that Defendant has met the procedural requirements of Rule 11. Specifically, Defendant raised the request for sanctions in a separate motion (ECF No. 35) as required by Rule 11. Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion. . . ."). The Motion is sufficiently specific to put Plaintiff and Liebowitz on notice of the conduct allegedly violating Rule 11. *Id.* Lastly, Defendant represents in the Motion that it served the Motion on Plaintiff at least 21 days before filing it with the Court. (ECF No. 35 at 2.)

Although Plaintiff challenges Defendant's representation, based on the documentation provided by Defendant (ECF Nos. 37-1, 37-2), the Court finds Plaintiff's challenge to be without merit. *See* Fed. R. Civ. P. 11(c)(2). In light of Defendant's statements and supporting exhibits, it is incomprehensible why Plaintiff and Liebowitz

10

would challenge Defendant's compliance with the procedural aspects of the Rule 11 safe harbor provision. There is seemingly no good faith basis to have done so, and the Court finds that this meritless argument constitutes further grounds supporting an award of sanctions.

Liebowitz is therefore ordered to show cause no later than March 10, 2021 why he should not be required to pay Defendant's attorneys' fees and costs as a sanction for his misconduct.[3]

## V. CONCLUSION

1. Defendant Bahakel Communications, LTD.'s Motion for Sanctions Against Plaintiff and His Counsel (ECF No. 35) is GRANTED to the extent the Court has determined sanctions against Liebowitz should be imposed;

2. Liebowitz is ORDERED TO SHOW CAUSE in writing and filed with the Court no later than **March 10, 2021** why the Court should not impose sanctions for his bad faith and vexatious conduct.

Dated this 19th day of February, 2021.

BY THE COURT:

William J. Martinez
United States District Judge

---

[3] Defendant requests sanctions against both Plaintiff and Liebowitz but does not provide a basis for the imposition of sanctions against Plaintiff based on the misconduct of his attorney. Thus, to the extent the Court awards sanctions, it will do so against Liebowitz alone. *See Farrington v. Fingerlakes1.com, Inc.*, 2020 WL 7350336, at *3 (W.D.N.Y. Dec. 15, 2020) (seeing no basis for dismissing plaintiff's claims based on Liebowitz's conduct in other cases); *Usherson*, 2020 WL 3483661, at *19 n.7 (declining "to sanction [Liebowitz's client] as the sins of the lawyer are not automatically visited on the client, and the evidence in the record d[id] not clearly and convincingly demonstrate any bad-faith misconduct by [the client]").

11