**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-00791-WJM-KMT

ROBERT MILLER,

      Plaintiff,

v.

BAHAKEL COMMUNICATIONS, LTD,

      Defendant.

---

**RICHARD LIEBOWITZ'S RESPONSE TO THE COURT'S
ORDER TO SHOW CAUSE DATED FEBRUARY 19, 2021 [DKT. NO. 39]**

---

      Richard Liebowitz, by his attorney, respectfully submits the following response to the Court's order to show cause, dated February 19, 2021, as to "why [Mr. Liebowitz should not be required to pay defendant's attorneys' fees and costs as a sanction for his misconduct." [Dkt. No. 39, p. 11].

## INTRODUCTION

      For the reasons detailed below, the Court should decline to order Mr. Liebowitz to pay any of defendant Bahakel Communications, Ltd. ("Defendant")'s attorneys' fees with respect to any matter, particularly as the underlying infringement claim is meritorious. Defendant's request is far too broad to address the specific harm that it claims to have suffered by Plaintiff's choice of venue.

      To the extent the Court determines that monetary sanctions are warranted, they should be limited to the reasonable attorneys' fees incurred by Defendant in briefing the venue issue at Defendant's motion to dismiss. [Dkt. No. 17, pp. 10-15]. In the alternative,

the imposition of monetary sanctions should be in the form of a civil penalty paid to the Clerk of Court in an amount not exceeding $2,500.00.

As a starting point, Defendant's motion for sanctions was <u>not</u> directed at penalizing Mr. Liebowitz for filing the case in the District of Colorado in the absence of personal jurisdiction over Defendant. [Dkt. No. 35]. Rather, it was directed to a wholly separate question: Mr. Liebowitz's overall eligibility to practice in the District of Colorado at the time he filed the complaint and throughout the course of litigation. [Dkt. No. 35] That issue remains contested because it has not been adjudicated by the Court, which noted its "convoluted history." [Dkt. No. 39, p. 6][1]

In footnote 2 of the Court's order [Dkt. No. 39, p. 6], the Court indicated that sanctions would be imposed against Mr. Liebowitz on "alternate, but equally significant, grounds" relating to the question of personal jurisdiction and venue. These issues, however, are decidedly narrower than Mr. Liebowitz's eligibility to practice. Mr. Liebowitz respectfully submits that at the time of filing and thereafter there was a colorable basis to assert personal jurisdiction in this case. Defendant's conjecture that Mr. Liebowitz filed suit in Colorado "to avoid having to grapple with precedent adverse to his appearance in the federal courts of North Carolina" [Dkt. No.35, p. 8] is not based on "clear and convincing evidence" required to impose sanctions under the Court's inherent power (or § 1927); but is rather based on speculation.

---

[1]     Indeed, Mr. Liebowitz's position was ultimately vindicated by the Disciplinary Panel for the U.S District Court for the District of Colorado, which reinstated Mr. Liebowitz's good standing on July 6, 2021 after finding that the "order of disbarment" issued by Hon. James Donato in the Northern District of California was inaptly titled, and that a "grave injustice" would result if Mr. Liebowitz' s good standing was not reinstated. [Dkt. No.36-1, p. 5]

At worst, Defendant has shown that Mr. Liebowitz misapprehended the laws governing personal jurisdiction and venue. But such misapprehension does not demonstrate the requisite showing of bad faith. Prior to filing suit, Mr. Liebowitz did conduct due diligence and determined that Defendant systematically and continuously operated in the State of Colorado. Mr. Liebowitz respectfully requests that the Court review the evidence attached to this response (at Exhibit A) showing that Defendant does, in fact, engage in systematic and continuous business in the State of Colorado.

Although the Court determined on the basis of the pleadings that Mr. Liebowitz should not have filed suit in Colorado, it cannot be fairly stated that his position on jurisdiction was entirely without color. For that reason, it would not be appropriate to impose fee-shifting on Mr. Liebowitz.

**POINT I:**      **THE COURT SHOULD DECLINE TO INVOKE ITS INHERENT POWER TO SHIFT FEES BECAUSE DEFENDANT HAS FAILED TO SHOW "CLEAR AND CONVINCING EVIDENCE" THAT PLAINTIFF'S CHOICE OF VENUE WAS A RESULT OF BAD FAITH**

Under Supreme Court law, a court's use of its inherent powers must be used "with restraint and discretion." *Chambers v. Nasco*, 501 U.S. 32, 44 (1991). The Tenth Circuit has stated "a court may exercise its inherent powers to sanction bad-faith conduct that abuses the judicial process." *Xyngular v. Schenkel*, 890 F.3d 868, 873 (10th Cir. 2018). To establish "willfulness, bad faith, or some fault," a moving party must prove discovery abuses by clear and convincing evidence. *Talbot v. Foreclosure Connection, Inc.*, 2:18-CV-169, 2020 WL 4365501, at *11 (D. Utah July 29, 2020) (citing *Xyngular v. Schenkel*, 890 F.3d at 873). The majority of courts hold that before imposing sanctions, "a court must support its decision by clear and convincing evidence and should consider whether lesser sanctions would" adequately advance the goals of sanctions. *Cooper v. Rezutko*,

No. 3:17-CV-834-PPS-MGG, 2019 WL 5295368, at *3 (N.D. Ind. Oct. 1, 2019) (citation omitted); *see also Yukos Capital S.A.R.L. v. Feldman*, 977 F.3d 216, 235 (2d Cir. 2020) ("clear and convincing evidence of bad faith is a prerequisite to an award of sanctions under the court's inherent power"); *In re Booker*, 624 F. App'x 319, 320 (5th Cir. 2015) ("clear and convincing evidence [of bad faith] . . . is required when a court sanctions an attorney under its inherent powers"); *Murray v. City of Columbus, Ohio*, 534 F. App'x 479, 483 (6th Cir. 2013) ("in order for the Court to sanction defendants under its inherent power, the sanctionable conduct must be proven by clear and convincing evidence") (citing Magistrate judge report and recommendation).[2]

Here, Defendant has failed to demonstrate by "clear and convincing evidence" that Mr. Liebowitz was motivated by bad faith when he filed the case in this District. The record shows that Defendant maintains a continuous presence in Colorado Springs in the State of Colorado. Attached hereto as <u>Exhibit A</u> are true and correct copies of articles obtained on-line showing Defendant's continuous presence in the State of Colorado. While the Court ultimately ruled personal jurisdiction did not exist, the question now being asked is does this record, including the submission of Exhibit A, evince clear and convincing evidence that Mr. Liebowitz was motivated by bad faith in selecting this venue to bring

---

[2]    See also *3E Mobile, LLC v. Glob. Cellular, Inc.*, 222 F. Supp. 3d 50, 54 (D.D.C. 2016) ("with regard to the Court's ability to use its inherent power to award attorneys' fees and impose fines, the Court must find clear and convincing evidence of bad faith"); *JTR Enterprises, LLC v. An Unknown Quantity*, No. 11-CV-10074-JLK, 2015 WL 3604143, at *2 (S.D. Fla. June 5, 2015) ("A party seeking to invoke this inherent power must prove bad faith by clear and convincing evidence.") *Capital Bridge Co., Ltd. v. IVL Techs. Ltd.,* No. 04–CV–4002, 2007 WL 3168327, *8 (S.D.N.Y. Oct. 26, 2007) ("to impose sanctions under § 1927 or the inherent power of the courts, there must be a finding of misconduct 'by clear and convincing evidence'").

this suit in Colorado.  Respectfully, based on the totality of the circumstances, including the research performed by Mr. Liebowitz before the filing of the complaint, it cannot be established, and certainly cannot be established by clear and convincing evidence, that Mr. Liebowitz was motivated by bad faith.

**POINT II**:   **MONETARY SANCTIONS SHOULD BE NARROWLY TAILORED TO THE VENUE ISSUE RAISED BY DEFENDANT'S MOTION TO DISMISS [DKT. NO. 17]**

Even if the Court invokes its inherent powers to sanction Mr. Liebowitz, it would be inappropriate to award Defendant its fees for defending the entire case. As stated by the Tenth Circuit Court of Appeals, the purpose of imposing "sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for its costs in defending a frivolous suit." *White v. General Motors Corp., Inc.,* 908 F.2d 675, 684 (10th Cir. 1990). Thus, in determining what amount of sanctions should be imposed, the court must discern that amount "reasonably necessary to deter the wrongdoer." *Id.* at 685 (citing *Doering v. Union County Bd. Of Chosen Freeholders,* 857 F.2d 191, 195–96 (3rd Cir. 1988)).[3]

Here, Defendant has not argued that the underlying infringement claim was objectively unreasonable, nor has it attempted to show that the suit was improperly motivated. Instead, it takes issue with the venue in which the case was initiated. But Defendant's briefing of the venue issue is limited to five pages [Dkt. No. 17, pp. 10-15]. If Defendant is to recover any fees at all, it should be narrowly limited to the time reasonably

---

[3]     *See also Horowitz v. Chen*, No. SACV1700432AGDFMX, 2018 WL 4560697, at *3 (C.D. Cal. Sept. 20, 2018) ("a court should ensure that any sanctions order is narrowly tailored to fit the circumstances in a given case."); *Klein v. Stahl GMBH & Co.,* 185 F.3d 98, 108 (3d Cir.1999) (noting that judicial sanctions are appropriate "only [ ] when the sanction is 'tailored to address the harm identified'").

incurred to brief the venue issue.

**POINT III:    THE COURT SHOULD DECLINE TO AWARD SANCTIONS UNDER §
1927 BECAUSE MR. LIEBOWITZ DID NOT MULTIPLY PROCEEDINGS**

Under Tenth Circuit precedent, sanctions pursuant to § 1927 are not applicable to

the *initiation* of proceedings; rather, they are only applicable to the *multiplication* of

proceedings. *Steinert v. Winn Group*, 440 F.3d 1214, 1224 (10th Cir. 2006) ("we reiterate

that § 1927 covers only the multiplication of 'the proceedings in any case,' 28 U.S.C. §

1927. This unambiguous statutory language necessarily excludes the complaint that

gives birth to the proceedings, as it is not possible to multiply proceedings until *after* those

proceedings have begun"); *see also Murray v. Burt*, No. 09-CV-1150 WJ/RHS, 2012 WL

13005433, at *4 (D.N.M. June 7, 2012), *report and recommendation adopted*, No. CV 09-

1150-WJ/RHS, 2012 WL 13005391 (D.N.M. Aug. 3, 2012) (sanctions pursuant to § 1927

are "not applicable to the *initiation* of proceedings; rather, they are only applicable to

the *multiplication* of proceedings."); *DeBauche v. Trani,* 191 F.3d 499, 511 (4th Cir.

1999); *Zuk v. E. Pa. Psychiatric Inst.,* 103 F.3d 294, 297 (3d Cir.1996); *In re Keegan*

*Mgmt. Co., Sec. Litig.,* 78 F.3d 431, 435 (9th Cir.1996).

Here, Defendant's chief argument is that Mr. Liebowitz initiated the action in the

improper venue and should have instead filed in the District of North Carolina where

Defendant maintains its headquarters. However, the alleged misconduct goes to the

*initiation* of the proceeding, not to the multiplication of the proceeding.

To the extent the Court finds that Mr. Liebowitz multiplied proceedings by not

consenting to the transfer of venue prior to Defendant's filing of its motion to dismiss [Dkt.

No. 17], then Defendant's recovery of fees, if at all, should be narrowly limited to the time

reasonably incurred by Defendant to brief the venue issue. [Dkt. No. 17, pp. 10-15].

**POINT IV:**   **THE COURT SHOULD DECLINE TO AWARD ANY SANCTIONS UNDER RULE 11 BECAUSE SUCH MOTION WAS DIRECTED AT MR. LIEBOWITZ'S ELIGIBILITY WHICH REMAINS AN OPEN ISSUE**

Rule 11 sanctions "should ordinarily be paid into court as a penalty." *Mellott v. MSN Commc'ns, Inc.*, No. 09-CV-02418-PAB-MJW, 2011 WL 4536975, at *18 (D. Colo. Sept. 30, 2011), *vacated,* 492 F. App'x 887 (10th Cir. 2012) (citing. Fed. R. Civ. P. 11, Notes to 1993 Amendments).[4]   "This court is also mindful that Rule 11 sanctions are an extraordinary remedy. Rule 11 is intended to discourage frivolous litigation, not to punish litigants." *Greeley Publishing Co. v. Hergert,* 233 F.R.D. 607, 611 (D. Colo. 2006); *Ludwikoski & Associates, Inc. v. Yeti Coolers, LLC,* 2014 WL 3767684 *3 (D. Kan. 2014) ("Rule 11 sanctions are reserved for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation."); *Sprint Nextel Corp. v. Middle Man, Inc.*, 12-2159-JTM, 2014 WL 1048638, at *3 (D. Kan. Mar. 19, 2014) (citing *Operating Engineers Pension Trust v. A–C Co.,* 859 F.2d 1336, 1344 (9th Cir. 1988)) (Rule 11 sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation..."

"A Rule 11 violation occurs where it is patently clear that a claim has absolutely no

---

[4] "Since the purpose of Rule 11 sanctions is to deter rather than to compensate, the rule provides that, if a monetary sanction is imposed, it should ordinarily be paid into court as a penalty. However, under unusual circumstances, particularly for (b)(1) violations, deterrence may be ineffective unless the sanction not only requires the person violating the rule to make a monetary payment, but also directs that some or all of this payment be made to those injured by the violation. Accordingly, the rule authorizes the court, if requested in a motion and if so warranted, to award attorney's fees to another party." Fed. R. Civ. P. 11 Advisory Committee Notes to 1993 Amendment.

chance of success under the existing precedents, and where no reasonable argument can be advanced to extend, modify, or reverse the law as it stands." *Greeley Pub. Co. v. Hergert*, 233 F.R.D. 607, 610 (D. Colo. 2006) (citing *Harrison v. Luse,* 760 F.Supp. 1394, 1399 (D.Colo. 1991)).  The overall purpose of a monetary sanction under Rule 11 is thus to deter frivolous litigation and unnecessary motions rather than to compensate the opposing party for the costs of litigation. *Bus. Guides, Inc. v. Chromatic Commc'ns Enters.*, Inc., 498 U.S. 533, 542 (1991); *Greeley Pub. Co. v. Hergert*, 233 F.R.D. 607, 611 (D. Colo. 2006) (Rule 11 is intended to discourage frivolous litigation, not to punish litigants).  It is not intended to function as a fee-shifting provision or to reward parties who are victimized by litigation.  *Cope v. Auto-Owners Ins. Co.*, 118CV00051WJMSKC, 2020 WL 1511096, at *2 (D. Colo. Mar. 30, 2020); see also Fed. R. Civ. P. 11 Advisory Committee Notes to 1993 Amendment.

Here, Defendant's Rule 11 motion [Dkt No. 35] was predicated on Mr. Liebowitz's alleged ineligibility to practice law in this District at the time he filed the complaint and throughout the litigation. However, the Court's Order makes clear that Mr. Liebowitz's alleged ineligibility is not the basis for a sanction award. [Dkt. No. 39, p. 6, fn.2]. Instead, the Court determined that sanctions may be appropriate on alternate grounds that Plaintiff's choice of venue in the District of Colorado was improperly motivated. [Dkt. No. 39, p. 6]. For that reason alone, the Court should decline to award Defendant any attorneys' fee respecting its Rule 11 motion.

## CONCLUSION

Based on the foregoing, Mr. Liebowitz respectfully requests that the Court DECLINE to impose any monetary sanctions against Mr. Liebowitz. In the event sanctions

are imposed in the form of fee-shifting, they should be narrowly tailored to the reasonable fees incurred by Defendant in briefing the venue issue [Dkt. No. 17, pp. 10-15]. In the alternative, the Court should limit the imposition of sanctions to a civil penalty paid to the Clerk of Court in an amount not exceeding $2,500.

Dated this 10th day of March, 2021

/s/ Michael T. McConnell
Michael T. McConnell
McCONNELL VAN PELT, LLC
4700 South Syracuse Street, Suite 200
Denver, Colorado 80237
Telephone No.:  (303) 480-0400
Facsimile No.:   (303) 458-9520
Email:   mike@mvp-legal.com

ATTORNEYS FOR RICHARD LIEBOWITZ

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on this 10th day of March, 2020, the foregoing **RICHARD LIEBOWITZ'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE DATED FEBRUARY 19, 2021 [DKT. NO. 39]** was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of the filing to the following counsel of record:

Craig Benjamin Sanders
Barshay Sanders PLLC
100 Garden City Plaza, Suite 500
Garden City, NY 11530
csanders@barshaysanders.com
*Attorneys for Plaintiff*

Eric M. David
Patrick Cross
Brooks Pierce McLendon Humphrey & Leonard LLP-Raleigh
PO Box 1800
150 Fayetteville Street
1700 Wells Fargo Capitol Center
Raleigh, NC 27601
edavid@brookspierce.com
pcross@brookspierce.com
*Attorneys for Defendant*

**Emailed to client:**
Richard P. Liebowitz
Liebowitz Law Firm, PLLC
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
rl@liebowitzlawfirm.com


*/s/ Lindsay Keebler*
Lindsay Keebler, Legal Assistant