IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-0791-WJM-KMT

ROBERT MILLER,

    Plaintiff,

v.

BAHAKEL COMMUNICATIONS, LTD.,

    Defendant.

---

**ORDER MAKING ORDER TO SHOW CAUSE ABSOLUTE AND AWARDING SANCTIONS AGAINST PLAINTIFF'S COUNSEL**

---

Before the Court is Defendant Bahakel Communications, Ltd.'s Supplement to Its Motion for Sanctions. (ECF No. 42.) For the following reasons, the Court awards Defendant attorneys' fees in the amount of $7,952.50.

**I. BACKGROUND**

On February 19, 2021, the Court issued its Order Granting Defendant's Motion for Sanctions Against Plaintiff And His Counsel ("Order"), which the Court hereby incorporates by reference. (ECF No. 39.) In the Order, the Court determined that Plaintiff Robert Miller failed to establish a plausible basis for personal jurisdiction over Defendant Bahakel Communications, Ltd. (*Id.* at 7.) Moreover, the Court observed that Attorney Richard Liebowitz's "strategy of filing copyright actions in an inappropriate venue and without a basis for personal jurisdiction is not unique to this case." (*Id.* at 8 (citing cases).) As a result, the Court determined that Liebowitz's conduct warrants sanctions and ordered Liebowitz to show cause by March 10, 2021 why the Court

should not impose sanctions for his bad faith and vexatious conduct. (*Id.* at 11.)

On March 10, 2021, Liebowitz filed a Response to the Court's Order to Show Cause Dated February 19, 2021 [Dkt. No. 39] ("Response").[1] (ECF No. 40.) Among other things, in the Response, Liebowitz argues that "[t]o the extent the Court determines that monetary sanctions are warranted, they should be limited to the reasonable attorneys' fees incurred by Defendant in briefing the venue issue at Defendant's motion to dismiss." (*Id.* at 1.)

At the Court's direction, on March 31, 2021, Defendant filed a supplement with supporting documentation which separately explains the amount of attorneys' fees and costs incurred in: (1) litigating this case in its entirety; (2) litigating the venue issue in this case; and (3) filing the motion for sanctions and the fee supplement requested in this Order. (ECF Nos. 41, 42.) The Court notes that Liebowitz did not seek leave to file a response to Defendant's supplement with supporting documentation.

## II. LEGAL STANDARD

"When determining the amount of a legal fee award, th[e] Court must provide a concise and clear explanation of the reasons for the award." *Casey v. Williams Production RMT Co.*, 599 F. Supp. 2d 1253, 1254–55 (D. Colo. 2009) (citing *Case v. Unified Sch. Dist. No. 233*, 157 F.3d 1243, 1249 (10th Cir. 1998)). "The Court has discretion in calculating the award and the Court's focus should be on the

---

[1] In the Response, Liebowitz continues to argue the issue of whether sanctions should be imposed. (*See* ECF No. 40.) However, in the Order, the Court already determined that sanctions are appropriate and explained the reasons for its findings. (ECF No. 39.) To the extent necessary, the Court has reviewed Liebowitz's Response and reaffirms its decision that some amount of sanctions for Liebowitz's vexatious conduct are appropriate. Therefore, the Court will not address Liebowitz's arguments regarding *whether* he should be sanctioned for his conduct, and limits its analysis to the *amount* of sanctions.

2

reasonableness of the fees to be awarded." *Id.* at 1255 (citing *Huffman v. Saul Holdings, L.P.*, 262 F.3d 1128, 1134 (10th Cir. 2001)).

The starting point for calculating reasonable attorneys' fees is determining the "lodestar amount"—that is, the reasonable hourly rate multiplied by the number of hours reasonably expended. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). "The party seeking fees bears the burden of establishing the number of hours expended and the hourly rate." *Casey*, 599 F. Supp. 2d at 1255. "In determining what is a reasonable number of hours, the Court may consider the facts and complexity of the case, strategies used and responses necessitated by opposing parties' legal maneuvering." *Id.* "Regarding the hourly rates charged, the Court should base its award on market evidence of attorney billing rates for similar litigation." *Id.* "Market evidence for lawyers with similar skill and experience in the relevant practice areas will inform the Court's decision on billing rates." *Id.*

### III. ANALYSIS

As the Court explained in its Order, the basis for sanctions against Liebowitz relates to the question of Liebowitz's decision to bring a case against Defendant in an improper venue. Therefore, the Court determines that it will award Defendant the amount of reasonable attorneys' fees incurred in connection with briefing the venue issue in Defendant's motion to dismiss.

Defendant states that it incurred $7,952.50 in litigating the venue issue in this case. (ECF No. 42-1 at 4.) This figure represents 30.2 hours expended by two timekeepers: Patrick Cross and Eric David. (*Id.*) Mr. Cross's fee rate in this case is $245 per hour; and Mr. David's fee rate is $380 per hour.

Mr. David is a graduate of the University of North Carolina School of Law and has been a member of the North Carolina Bar since 2008.  (*Id.* at 2.)  His practice as a partner with Brooks Pierce McLendon Humphrey & Leonard LLP primarily focuses on complex litigation related to intellectual property, media and the First Amendment, and general business matters.

Mr. Cross is a graduate of the University of North Carolina School of Law and has been a member of the North Carolina State Bar since 2016.  (*Id.* at 2.)  Mr. Cross was a law clerk for the Honorable Janis L. Sammartino of the United States District Court for the Southern District of California from 2016 to 2017, and the Honorable James A. Wynn, Jr. of the United States Court of Appeals for the Fourth Circuit from 2017 to 2018.  Mr. Cross's practice primarily focuses on telecommunications, intellectual property, and complex business litigation.

To support its fee request, Defendant submits Edward Stewart's Declaration in Support of Bahakel's Motion for Sanctions ("Declaration").  (ECF No. 42-1.)  Mr. Stewart is a partner at the law firm of Wheeler, Trigg, O'Donnell, LLP, and was engaged to provide his opinion regarding the reasonableness of attorneys' fees charged by Defendant in this action.  (*Id.* at 66.)  Mr. Stewart was admitted to practice law in Colorado in 1994 after working at a large, full-service national law firm based in Chicago.  (*Id.* at 67.)  He practices civil litigation, including trial and appellate work involving complex commercial litigation, product liability, and personal injury litigation.  Based on the foregoing, among other things, he states he is familiar with the range of attorney hourly rates routinely charged for handling complex commercial litigation in Denver.  (*Id.*)

4

In support of Defendant's counsel's requested billing rates, Mr. Stewart cites a District of Colorado patent infringement case in which the court found persuasive a survey showing Denver law firms billing between $285–$810 per hour for partners and between $170–$540 per hour for associates. (*Id.* at 68 (citing *BIAX v. NVIDIA*, 2013 WL 4051908 (D. Colo. Aug. 12, 2013)).) Additionally, Mr. Stewart relies on his own firm's standard billing rates for 2020 and 2021, in which partners charged standard hourly rates ranging from $455 to $850 per hour in 2020, and $475 to $885 per hour in 2021. (*Id.*)

Based on the foregoing, including *NVIDIA*, Mr. Stewart opines that Mr. David's $380 hourly rate, and Mr. Cross's $245 hourly rate, fall well within the range of reasonableness for the Denver market nearly a decade ago, and are within the range of reasonableness—or are even lower—than Mr. Stewart's own law firm's billing rates in Denver. The Court agrees with Mr. Stewart's analysis and finds that both Mr. David and Mr. Cross's hourly rates are reasonable in the Denver market.

Next, the Court examines the reasonableness of the number of hours billed. In litigating the venue issue in this dispute, Defendant states that its lawyers expended 30.2 hours. (*Id.* at 4.) Mr. Stewart's Declaration also addresses the reasonableness of the hours billed. (*Id.* at 70.) Mr. Stewart states that the division of labor between Mr. David and Mr. Cross was reasonable, and they ensured they were representing Defendant's interest in a cost-effective manner. (*Id.*) Mr. Stewart quotes the Court's Order, which noted that "the underlying case involved a notorious opposing counsel whose strategy of filing copyright actions in an inappropriate venue and without a basis for personal jurisdiction is not unique to this case," and that Liebowitz's "pattern of bad-

5

faith and vexatious conduct likely warrants judicial action." (*Id.* (citation omitted and internal quotation marks omitted).)  Additionally, Mr. Stewart observes that this case represented an attack on Defendant's core business and a real threat of repeated and perhaps voluminous lawsuits if not vigourly defended.  (*Id.*)

Mr. Stewart reviewed Defendant's invoices.  (*Id.*)  He opines that "delegating the overwhelming amount of work to Mr. Cross at a significantly lower hourly rate than that of Mr. David was reasonable and cost-effective." (*Id.* at 70–71.)  In sum, Mr. Stewart opines that "it is my opinion that the rates and total amounts charged by Bahakel's counsel as set forth in the Declaration of Eric M. David in Support of Defendant Bahakel Communications, LTD's Supplement to its Motion for Sanctions are reasonable for the Denver market and for calendar years 2020 and 2021." (*Id.* at 71.)

The Court, too, has reviewed Defendant's invoices, which helpfully highlighted in yellow the time entries related to the venue issue.  (*See generally id.*)  Based on its review, the Court finds that the relevant time entries are sufficiently particular and related to the venue issue, do not reflect excessive block billing or redactions, and are reasonable in relation to the venue issue at hand.

Based on the foregoing, the Court finds Defendant's counsel's hourly rates and number of hours billed in relation to the venue issue reasonable.  Therefore, the Court will award Defendant attorneys' fees in the amount of $7,952.50.

## IV. CONCLUSION

1. The Court's February 19, 2021 Order to Show Cause is MADE ABSOLUTE; and
2. For the reasons set forth above, Liebowitz and the Liebowitz Law Firm PLLC, on a joint and several basis, shall pay attorneys' fees in the amount of **$7,952.50**, made

payable to Defendant and delivered to Defendant's attorneys not later than **May 27, 2022**.

Dated this 9th day of May, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge